**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

SHERRI BANNISTER,

    Plaintiff,

v.                                       CASE NO.:

COLE, SCOTT & KISSANE, P.A.,

    Defendant.

---

## COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND JURY TRIAL

COMES NOW, Plaintiff, SHERRI BANNISTER (hereinafter "Plaintiff" or "Ms. Bannister"), by and through the undersigned counsel, hereby sues the Defendant, COLE, SCOTT, & KISSANE, P.A., (hereinafter "Defendant", "CSK", or "Firm") and alleges and states as follows:

### JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343(a)(4), because this is a civil action arising under Title VII, the Age Discrimination in Employment Act under 29 U.S.C. § 621 et seq., the Americans with Disabilities Act 42 U.S.C. § 12101, and the Civil Rights Act of 1866 under 42 U.S.C. § 1981.

## VENUE

2.      Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this district, the Plaintiff would have continued her employment with Defendant in this district but for the alleged unlawful employment practice, and because the employment records relevant to unlawful employment practice committed by Defendant are maintained and administered in this district.

3.      Further, venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendant may be found in this district and a substantial portion of events giving rise to this action occurred in this district.

## CONDITIONS PRECEDENT

4.      Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC") against CSK. A true and accurate copy of the Amended EEOC Complaint is attached hereto as **Exhibit "A"**.

5.      The EEOC issued Plaintiff a Notice of Right to Sue. This complaint has been filed within ninety (90) days of receipt of such notice.

6.      Plaintiff has fully complied with all prerequisites to jurisdiction in this court under Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act.

## PARTIES

7.     Plaintiff resides in Cape Coral, Florida and is a citizen of the United States.

8.     Plaintiff is an "employee" of Defendant within the meaning of Title VII, the Americans with Disabilities Act (hereinafter "ADA"), and the Age Discrimination in Employment Act (hereinafter ADEA").

9.     Plaintiff is a member of a protected class under Title VII, the ADA, and the ADEA.

10.     Defendant is a Florida profit corporation, authorized to perform and is actually performing business in the State of Florida with its principal address in the State of Florida.

11.     Defendant is an "employer" within the meaning of Title VII, the ADA (hereinafter "ADA"), and the ADEA.

12.     At all times relevant hereto, Defendant has employed fifteen (15) or more employees.

## FACTS

13.     The Plaintiff, Sherri Bannister, is a 43-year-old African American.

14.     Ms. Bannister was employed with the Firm from November 2023 until June 11, 2024.

15.     At all times relevant hereto, Plaintiff suffered from fibromyalgia.

16. Fibromyalgia is a physical impairment that substantially limits Plaintiff's ability to work at certain times.

17. Plaintiff has a recorded diagnosis of fibromyalgia prior to her employment with Defendant.

18. Ms. Bannister was subjected to a hostile work environment and discrimination based on race, age, and disability during her employment at the Firm.

19. On February 12, 2024, Ms. Bannister was called into the office due to complaints from a white employee, Karri Ford, regarding Ms. Bannister answering her phone during business hours for personal reasons, even though Ms. Ford had done the same earlier that day.

20. Following this incident, Ms. Ford mocked Ms. Bannister's age and disability and threatened Ms. Bannister with physical violence, stating that she would "beat [Ms. Bannister's] ass".

21. Ms. Bannister reported to the office manager that she was subjected to ridicule and harassment related to her race, disability, and age, contributing to a hostile work environment.

22. On February 19, 2024, Dawn Sedillo, the office manager for the Firm's Fort Myer's office, spread rumors that Ms. Bannister was responsible for changes

implemented at the workplace, further exacerbating the hostile environment from Plaintiff's co-workers towards Ms. Bannister.

23. Ms. Bannister requested to be moved to a different floor to avoid further conflict.

24. Ms. Bannister's request was denied by Dawn Sedillo, allegedly due to racial bias from other management members.

25. Previously, Dawn Sedillo granted Plaintiff's co-workers' who were white, younger than her with no disabilities requests to move to a different floor.

26. Ms. Bannister was repeatedly called into the office and questioned about incidents involving other employees who were white, younger than her with no disabilities, which she perceived as attempts to intimidate her into silence.

27. On March 1, 2024, Ms. Bannister informed her supervisor that she would not return to work due to the hostile environment and threats to her safety.

28. Despite her complaints, Ms. Bannister's requests for accommodation, such as moving to a different floor, were consistently denied, while similar requests from white employees were granted.

29. On April 5, 2024, following an investigation, Ms. Sedillo was moved to a different office, but no formal apology or corrective action was taken to address the hostile work environment Ms. Bannister endured.

30.     The stress from the discriminatory and retaliatory actions has caused Ms. Bannister significant emotional distress, required counseling and affected her ability to work.

31.     Plaintiff has retained the services of undersigned counsel in the vindication of her rights and has agreed to pay reasonable fees and costs for such representation.

## COUNT I
### Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)

32.     Plaintiff repeats and realleges paragraphs 1 through 14, 18 through 25, and 30 through 31 hereof, as if fully set forth herein.

33.     Plaintiff belongs to a protected class under Title VII.

34.     The allegations as sworn to by Plaintiff in the Amended EEOC Complaint attached hereto as **Exhibit "A"** are incorporated hereto by reference.

35.     Plaintiff was qualified for her position when Defendant fired her on June 11, 2024.

36.     Plaintiff's co-worker made discriminatory comments to Plaintiff and her co-workers regarding her race.

37.     In addition, Dawn Sedillo marginalized Ms. Bannister while treating similarly situated employees more favorably.

38.    Ms. Bannister suffered damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

39.    Defendant intentionally violated Ms. Bannister's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

**WHEREFORE**, Plaintiff, SHERRI BANNISTER, respectfully requests judgment against Defendant, COLE, SCOTT, & KISSANE, P.A., as follows:

A. Accept jurisdiction over this matter;

B. Enter an order declaring that Defendant violated Plaintiff's rights under 42 U.S.C. § 2000e-2(a) et seq. and enjoining Defendant from such conduct in the future;

C. Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D. Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E. In lieu of reinstatement, award Plaintiff front pay (including benefits);

F. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest, if applicable;

G. Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I. Award to Plaintiff, if applicable, punitive damages; and

J. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

**COUNT II**
**Retaliation in Violation of Title VII of the**
**Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et al.)**

40. Plaintiff repeats and realleges paragraphs 1 through 14 and 18 through 31 hereof, as if fully set forth herein.

41. The allegations as sworn to by Plaintiff in the Amended EEOC Complaint attached hereto as **Exhibit "A"** are incorporated hereto by reference.

42. On several occasions from February 2, 2024 to April 5, 2025, Plaintiff engaged in protected activity by complaining to Dawn Sedillo, the Firm's office manager for the Fort Myer's office, about Ms. Bannister's being harassed by her co-workers based on her race.

43. On or around March 2, 2024, Plaintiff engaged in protected activity by filing a Florida Commission or Human Relations (hereinafter "FCHR") Complaint about Ms. Bannister's being harassed by her co-workers based on her race during her employment with CSK.

44.     On or around March 14, 2024, Plaintiff engaged in protected activity by filing a EEOC Complaint about Ms. Bannister's being harassed by her co-workers based on her race during her employment with CSK, which was amended on or around April 9, 2024.

45.     On or around June 1, 2024, Plaintiff engaged in protected activity by failing to come to a settlement agreement during mediation as it related  to Ms. Bannister's administrative Complaints about Ms. Bannister's being harassed by her co-workers based on her race during her employment with CSK.

46.     After Plaintiff engaged in these statutorily protected activities, the Firm fired Plaintiff on June 11, 2024.

47.     Defendant's stated reason for terminating Ms. Bannister's employment is pretextual and baseless.

48.     Plaintiff suffered damages because of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

49.     Defendant intentionally violated Ms. Bannister's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

**WHEREFORE**, Plaintiff, SHERRI BANNISTER, respectfully requests judgment against Defendant, COLE, SCOTT, & KISSANE, P.A., as follows:

A. Accept jurisdiction over this matter;

B. Enter an order declaring that Defendant violated Plaintiff's rights under 42 U.S.C. §§ 2000e et seq. and enjoining Defendant from such conduct in the future;

C. Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D. Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E. In lieu of reinstatement, award Plaintiff front pay (including benefits);

F. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest, if applicable;

G. Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I. Award to Plaintiff, if applicable, punitive damages; and

J. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## COUNT III
**Age Discrimination in Violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C.A. §§ 621 et seq. and 28 U.S.C.A. § 1343(4)**

50. Plaintiff repeats and realleges paragraphs 1 through 14, 18 through 25, and 30 through 31 hereof, as if fully set forth herein.

51. The allegations as sworn to by Plaintiff in the Amended EEOC Complaint attached hereto as **Exhibit "A"** are incorporated hereto by reference.

52. Plaintiff was employed by Defendant from, on or around November 2023, until she was wrongfully terminated on or around June 11, 2024.

53. In direct violation of the ADEA, the Defendant Ms. Bannister was harassed by her co-workers based on her age.

54. As a result of Defendant's discriminatory conduct, Plaintiff has been damaged in her career and has otherwise suffered monetary damage.

55. Defendant's discriminatory conduct was intentional and/or in reckless disregard for Plaintiff's rights under the law and these acts constitute willful indifference to the rights.

**WHEREFORE**, Plaintiff, SHERRI BANNISTER, respectfully requests judgment against Defendant, COLE, SCOTT, & KISSANE, P.A., as follows:

A. Accept jurisdiction over this matter;

B. Enter an order declaring that Defendant violated Plaintiff's rights under 29 U.S.C.A. §§ 621 et seq. and enjoining Defendant from such conduct in the future;

C. Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D. Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E. In lieu of reinstatement, award Plaintiff front pay (including benefits);

F. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest, if applicable;

G. Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I. Award to Plaintiff, if applicable, punitive damages; and

J. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

**COUNT IV**
**Retaliation in Violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C.A. §§ 621 - 634**

56.     Plaintiff repeats and realleges paragraphs 1 through 14 and 18 through 31 hereof, as if fully set forth herein.

57.     The allegations as sworn to by Plaintiff in the Amended EEOC Complaint attached hereto as **Exhibit "A"** are incorporated hereto by reference.

58.     Plaintiff was 43 years old and qualified for her position when Defendant fired her on June 11, 2024.

59.     On several occasions from February 2, 2024 to April 5, 2025, Plaintiff engaged in protected activity by complaining to Dawn Sedillo, the Firm's office manager for the Fort Myer's office, about Ms. Bannister's being harassed by her co-workers based on her age.

60.     On or around March 2, 2024, Plaintiff engaged in protected activity by filing a FCHR Complaint about Ms. Bannister's being harassed by her co-workers based on her age during her employment with CSK.

61.     On or around March 14, 2024, Plaintiff engaged in protected activity by filing a EEOC Complaint about Ms. Bannister's being harassed by her co-workers based on her race during her employment with CSK, which was amended on or around April 9, 2024.

62.     On or around June 1, 2024, Plaintiff engaged in protected activity by failing to come to a settlement agreement during mediation as it related to Ms. Bannister's administrative Complaints about Ms. Bannister's being harassed by her co-workers who were much younger than Ms. Bannister based on her age during her employment with CSK.

63.     After Plaintiff complained of age discrimination, Defendant fired Plaintiff on June 11, 2024.

64.     Defendant's alleged reason for terminating Plaintiff's employment is pretextual and baseless. Defendant fired Plaintiff because she complained of age discrimination.

65.     Plaintiff suffered damages because of Defendant's unlawful retaliatory actions, including past and future lost wages and benefits and the costs of bringing this action.

66.     Defendant willfully violated Plaintiff's rights under the ADEA and, as a result, is liable for liquidated damages.

**WHEREFORE**, Plaintiff, SHERRI BANNISTER, respectfully requests judgment against Defendant, COLE, SCOTT, & KISSANE, P.A., as follows:

A. Accept jurisdiction over this matter;

B. Enter an order declaring that Defendant violated Plaintiff's rights under 29 U.S.C.A. §§ 621 - 634 and enjoining Defendant from such conduct in the future;

C. Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D. Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E. In lieu of reinstatement, award Plaintiff front pay (including benefits);

F. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest, if applicable;

G. Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I. Award to Plaintiff, if applicable, punitive damages; and

J. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## COUNT V
### Disability Harassment in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C.A §§ 12101 et seq.)

67.    Plaintiff repeats and realleges paragraphs 1 through 12 and 14 through 31 hereof, as if fully set forth herein.

68.    The allegations as sworn to by Plaintiff in the Amended EEOC Complaint attached hereto as **Exhibit "A"** are incorporated hereto by reference.

69.    This action is being brought under 42 U.S.C. § 12112 of the ADA.

70.    Plaintiff is within the ADA's protected class.

71.    Plaintiff was subject to repeated unwelcome harassment regarding her fibromyalgia from her co-worker.

72.    The harassment Plaintiff was subject to was based on her disability.

73.    The harassment was sufficiently severe or pervasive that it altered a term, condition, or privilege of Plaintiff's employment.

74.    The Firm knew or should have known of the harassment endured by Plaintiff and failed to take action.

**WHEREFORE**, Plaintiff, SHERRI BANNISTER, respectfully requests judgment against Defendant, COLE, SCOTT, & KISSANE, P.A., as follows:

A. Accept jurisdiction over this matter;

B. Enter an order declaring that Defendant violated Plaintiff's rights under 42 U.S.C.A § 12101 et seq. and enjoining Defendant from such conduct in the future;

C. Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D. Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E. In lieu of reinstatement, award Plaintiff front pay (including benefits);

F. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest, if applicable;

G. Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I. Award to Plaintiff, if applicable, punitive damages; and

J. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## COUNT VI
### Retaliation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C.A §§ 12101 et seq.)

75.    Plaintiff repeats and realleges paragraphs 1 through 12 and 14 through 31 hereof, as if fully set forth herein.

76.    The allegations as sworn to by Plaintiff in the Amended EEOC Complaint attached hereto as **Exhibit "A"** are incorporated hereto by reference.

77.    Ms. Bannister was qualified for her position when Defendant fired her on June 11, 2024.

78.    On several occasions from February 2, 2024 to April 5, 2025, Plaintiff engaged in protected activity by complaining to Dawn Sedillo, the Firm's office manager for the Fort Myer's office, about Ms. Bannister's being harassed by her co-workers based on her disability.

79.    On or around March 2, 2024, Plaintiff engaged in protected activity by filing a FCHR Complaint about Ms. Bannister's being harassed by her co-workers based on her disability during her employment with CSK.

80.    On or around March 14, 2024, Plaintiff engaged in protected activity by filing a EEOC Complaint about Ms. Bannister's being harassed by her co-workers based on her race during her employment with CSK, which was amended on or around April 9, 2024.

81.    On or around June 1, 2024,  Plaintiff engaged in protected activity by failing to come to a settlement agreement during mediation as it related  to Ms. Bannister's administrative Complaints about Ms. Bannister's being harassed by her co-workers based on her disability during her employment with CSK.

82.    After Plaintiff engaged in the above-described protected activities, Defendant fired Plaintiff on June 11, 2024.

83.    Defendant fired Ms. Bannister because she complained of the harassment she endured from her co-workers based upon her disability.

84.    Plaintiff suffered damages as a result of Defendant's unlawful retaliatory actions, including past and future lost wages and benefits, emotional distress, and the costs of bringing this action.

85.    Defendant intentionally violated Ms. Bannister's rights under the ADA with malice or reckless indifference and, as a result, is liable for punitive damages.

**WHEREFORE**, Plaintiff, SHERRI BANNISTER, respectfully requests judgment against Defendant, COLE, SCOTT, & KISSANE, P.A., as follows:

A. Accept jurisdiction over this matter;

B. Enter an order declaring that Defendant violated Plaintiff's rights under 42 U.S.C.A. § 12101 et seq. and enjoining Defendant from such conduct in the future;

C. Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D. Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E. In lieu of reinstatement, award Plaintiff front pay (including benefits);

F. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest, if applicable;

G. Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I. Award to Plaintiff, if applicable, punitive damages; and

J. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

**COUNT VII**
**Retaliation in Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981**

86.    Plaintiff repeats and reincorporates paragraphs 1 through 3, 7, 10, 13, 14, and 19 through 31, hereof, as if fully set forth herein.

87. At all times material hereto, Plaintiff and Defendant had a contractual relationship.

88. Defendant precluded Plaintiff from performing this contractual relationship when Defendant improperly, through it acts and omission as explained herein, constructively discharged Plaintiff.

89. Defendant took adverse action against Plaintiff's contractual relationship in retaliation for Plaintiff reporting of and opposition to Defendant's unlawful employment practices based on her race.

90. As a result, Plaintiff was unable to enjoy all the benefits, terms, and conditions due under the contract from Defendant.

91. The actions of Defendant through its employees and/or agents were willful, wanton, intentional, and done with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory damages and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such actions in the future.

92. The Plaintiff has retained the undersigned counsel to prosecute her claims and is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff, SHERRI BANNISTER, respectfully requests judgment against Defendant, COLE, SCOTT, & KISSANE, P.A., as follows:

A. Accept jurisdiction over this matter;

B. Enter an order declaring that Defendant violated Plaintiff's rights under 42 U.S.C. § 1981et seq. and enjoining Defendant from such conduct in the future;

C. Award Plaintiff compensatory damages for emotional pain, suffering, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses;

D. Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

E. In lieu of reinstatement, award Plaintiff front pay (including benefits);

F. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest, if applicable;

G. Award to Plaintiff prejudgment interest on all monetary recovery obtained;

H. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

I. Award to Plaintiff, if applicable, punitive damages; and

J. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury in this action of all issues so triable.

Dated this 30th day of June 2025.

Light Path Law, P.A.
*Counsel for Plaintiff*
2069 First Street, Suite 100 Fort
Myers, FL 33901
Phone: (239) 689-8481
Fax: (239) 294-3930
mpurow@lightpathlaw.com
smcdonald@lightpathlaw.com
kcapra@lightpathlaw.com
ssilva@lightpathlaw.com
By*: Lindsay A. Compton, Esq.*
   *Florida  Bar No. 1032739 OBO*
Malcolm A. Purow, Esq., *Lead Counsel*
Florida Bar No.: 282790
Shane McDonald, Esq.
Florida Bar No.: 06418