UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:25-cv-00562-JES-NPM

SHERRI BANNISTER,

      Plaintiff,

v.

COLE, SCOTT & KISSANE, P.A.,

      Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant, COLE, SCOTT & KISSANE, P.A. ("Defendant"), by and through the undersigned counsel and hereby files this Motion to Dismiss Plaintiff's Complaint, and in support thereof, states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

This action involves several claims arising out of Plaintiff's employment with Defendant Cole, Scott & Kissane, P.A. (hereinafter "CSK"). Specifically, Plaintiff, a 43-year-old African American, began working for CSK in November of 2023. *See,* Complt. ¶¶ 13, 14. Plaintiff contends that she suffers from fibromyalgia, which limited her ability to work at certain times. *Id.* at ¶16. Plaintiff alleges that a co-worker mocked her for having such condition, which she reported to the office manager. *Id.* at ¶¶ 20, 21, 71. Plaintiff maintains that she lodged a request to be moved to a different floor to avoid further conflict, which was initially denied but subsequently granted. *Id.* at ¶¶ 23, 24, 29. Plaintiff adds that she was called into the office on one occasion for

answering her cell phone during business hours for personal reasons, and for questioning about incidents involving other employees on various other occasions. *Id.* at ¶¶ 19, 26. Plaintiff also claims that she was "marginalized." *Id.* at ¶ 37. Plaintiff alleges that she was terminated on June 11, 2024. *Id.* at ¶ 35.

## SUMMARY OF THE ARGUMENT

Plaintiff's Complaint should be dismissed in its entirety for a few reasons. First, Counts I through VI for race and age-based discrimination and retaliation, and disability-based harassment and retaliation, are time-barred. Additionally, said counts are further barred because they fail to comply with administrative prerequisites. Finally, all counts fail to state claims for which relief may be granted.

## LEGAL STANDARD GOVERNING A MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hirshon v. King,* 467 U.S. 69, 73 (1984); *Mallo v. Public Health Trust*, 88 F. Supp. 1376 (S.D. Fla. 2000). A motion to dismiss for failure to state a claim tests the sufficiency of the complaint. *Hazel,* 7 F.Supp.2d 1349. Importantly, a complaint must allege facts properly setting forth the essential elements of a cause of action. *Id.* at 1352. Dismissal of a complaint is appropriate on the basis of a dispositive issue of law or when there is no necessity to construe factual allegations contained within the complaint. *Marshall Cty Bd. of Ed. v. Marshall Cty. Gas Dist.,* 992 F.2d 1171 (11th Cir. 1993). If the defendant demonstrates beyond doubt that the plaintiff can prove no set of facts to support his claim, then a

CASE NO.: 2:25-cv-00562-JES-NPM

motion to dismiss should be granted. *Mallo,* 88 F. Supp. 1376.

## MEMORANDUM OF LAW

I.   **Counts I through VI of Plaintiff's Complaint for Race and Age Based Discrimination and Retaliation, and Disability-Based Harassment and Retaliation, are Time-Barred**

Counts I through VI of the Complaint alleging violations of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Americans with Disabilities Act are time-barred due to Plaintiff's failure to file the subject claims within the applicable temporal limits.  Specifically, on March 26, 2025, the EEOC issued a Determination of Charge and Notice of Right to Sue.  *See,* Complt. ¶ 5; Exhibit 1, attached hereto.  Said Determination and Notice specifically stated,

> This is official notice from the EEOC of the dismissal of your charge and of your right to sue.  If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.**  Receipt generally occurs on the date that you (or your representative) received the document . . . Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.

*Id.* The EEOC sent such Determination and Notice to counsel for the parties via e-mail on March 26, 2025.  *Id.*  Ninety (90) days from said date was June 24, 2025.  As such, Plaintiff had until June 24, 2025 within which to file the above-captioned case.  However, Plaintiff did not file the subject Complaint until six (6) days later, on June 30, 2025.  It follows that the above-captioned case is time-barred.

II.   **Counts I through VI of Plaintiff's Complaint for Race and Age Based Discrimination and Retaliation, and Disability-Based Harassment and Retaliation, are Barred Due to Her Failure to Comply with Administrative Prerequisites**

The basis for all of Plaintiff's Title VII, ADEA, and ADA discrimination and

retaliation claims (Counts II, II, III, IV, and VI) is CSK's alleged firing of her on June 11, 2024. *See,* Complt. ¶¶ 35, 46, 52, 63, 82. The basis for Plaintiff's disability-based harassment claim (Count V) is that Plaintiff was subjected to harassment (mocked) regarding her fibromyalgia. *Id.* at ¶¶15, 71. Significantly, however, such allegations were not advanced in Plaintiff's Charge of Discrimination or Amended Charge of Discrimination. *See,* Exhibit A to Plaintiff's Complaint. Indeed, the Charges do not reference Plaintiff's termination, and cannot do so, as she was not terminated until <u>after</u> she filed the Charges. Specifically, Plaintiff filed her initial Charge on March 18, 2024, and her Amended Charge on April 10, 2024, and was not (allegedly) terminated until June 11, 2024. *See,* Complt. and Exhibit A to same. Thus, it would have been impossible for Plaintiff's alleged termination to have been included in her Charge of Discrimination, as it had not yet occurred at the time, and did not occur until two to three months later. The Charge is also devoid of any reference to Plaintiff's alleged fibromyalgia or being harassed/mocked for same.[1] Thus, Plaintiff is precluded from bringing such new claims in this action, and this Court lacks subject matter jurisdiction over them.

Indeed, an aggrieved person must file a complaint with the Equal Employment Opportunity Commission or Florida Commission on Human Relations before she can file suit for the same cause of action in any court. *See, Ross v. Jim Adams Ford, Inc.*, 871

---

[1] The Complaint does not contain a count for race-based harassment; however, the pleading haphazardly references alleged race-based comments/harassment by co-workers in connection with other counts. To the extent that the Complaint is construed as asserting a claim for race-based harassment, CSK notes that the Charge of Discrimination is likewise devoid of any reference to any race-based comments/harassment directed toward Plaintiff.

So. 2d 312 (Fla. 2d DCA 2004); *Lambert v. Alabama Dep't of Youth Servs.*, 150 F. App'x 990, 993 (11th Cir. 2005) (no action alleging discrimination in violation of the Civil Rights Act may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge). More specifically, as a prerequisite to filing suit under Title VII, the plaintiff must first exhaust her administrative remedies by timely filing a complaint with the commission, and a failure to do so deprives the court of subject matter jurisdiction, renders plaintiff's claims barred, and constitutes grounds for dismissal. *Webb v. Worldflight Servs.,* 2003 U.S. Dist. LEXIS 13831 at *9 (S.D. Fla. 2003); *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 910 (M.D. Fla. 1995); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314 (11th Cir. 2001); *Everett v. Cobb County Sch. Dist.*, 138 F.3d 1407, 1410 (11th Cir. 1998); *Ross*, 871 So. 2d at 312.

Significantly, a plaintiff's complaint cannot bring claims for discrimination that were not alleged in the charge of discrimination. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279-80 (11th Cir. 2004). Allegations of new acts of discrimination are inappropriate. *Id.* "A claim in federal district court litigation will generally be barred if the EEO and EEOC charge alleges discrimination on one basis and the formal litigation claim alleges discrimination on a separate basis." *Bridgeforth v. Potter,* Civil Action No. 3:10–CV–00030, 2011 WL 3102422, at *7 (W.D. Va. 2011); *Chacko v. Patuxent Institution,* 429 F.3d 505 (4th Cir.2005); *Fleming v. The Fla. Bar,* 994 F. Supp. 2d 1255 (N.D. Fla. 2014) (Employee, who worked as an attorney at Florida Bar, failed to administratively exhaust racial discrimination claim under Title VII and the Florida Civil Rights Act in connection with employer's denial of a promotion to Director of

5

*Center for Professionalism*, where employee's administrative charge only cited denial of a promotion to Director of *the Attorney Consumer Assistance Program*.).

It follows from the above discussion that Plaintiff's allegations of alleged discrimination and retaliation based on her purported termination, and allegations of harassment based on her claimed fibromyalgia, which are advanced the Complaint but were not advanced the Charge of Discrimination, cannot be brought in this action and must not be considered by this Court.

Significantly, it is too late for Plaintiff to cure the defect now by filing a Charge of Discrimination based on the new allegations giving rise to this lawsuit, as the timeframe to do so has expired. Indeed, a claimant must file a charge of discrimination based on federal law within 300 days from the date of the alleged discriminatory/harassing/retaliatory conduct. *See,* 42 U.S.C. § 2000e-5(e)(1); *LeBlanc,* 2003 WL 1485063; *Kukabay v. Moore,* 142 F.3d 233, 238 (5th Cir. 1998). A claimant's failure to file charges with the EEOC or FCHR within the applicable time period bars the claims contained in the untimely charge. *Ross v. Buckeye Cellulose Corp.,* 980 F.2d 648, 662 (11th Cir. 1993); *Wilson v. Bailey,* 934 F.2d 301, 304 n.1 (11th Cir. 1991). A claimant cannot recover for any employment discrimination that occurred more than 300 days before he/she brings the charge for discrimination under Title VII. *See e.g., EEOC v. Ford Motor Credit Co.,* 26 F.3d 44, 46 (6th Cir. 1994).

In this case, Plaintiff alleges that she was subjected to the above-referenced discrimination, retaliation, and harassment on and before June 11, 2024. Thus, she would have had until April of 2025 at the latest within which to file a Charge of

Discrimination based on such allegations. Accordingly, any Charge of Discrimination initiated now based on the allegations giving rise to this case would be untimely and therefore barred under federal law. *See generally, National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L.Ed.2d 106 (2002) ("discrete discriminatory acts are not actionable if time barred, even if they are related to acts alleged in timely filed charges").

It follows from the above discussions that Plaintiff is precluded from bringing her race and age-based discrimination and retaliation claims, as well as her disability-based harassment and retaliation claims, and the inquiry should end here.

That said, in the abundance of caution, CSK also analyzes each cause of action substantively. In this regard, as shown below, even if Counts I through VI of the Complaint were not barred due to the expiration of time limits for filing suit, or Plaintiff's failure to comply with administrative perquisites, they would still be subject to dismissal because they fail to state claims for which relief may be granted.

III. **Count I of the Complaint for Race Discrimination Under Title VII of the Civil Rights Act Fails to State a Claim for Which Relief May be Granted**

In order to state a prima facie case of race discrimination, a plaintiff must show that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) her employer treated similarly situated employees outside of the protected class more favorably, and (4) she was qualified to do the work. *McDonnell Douglas,* 411 U.S. 792. A plaintiff must also show that the employer's bias against the protected characteristic was the reason for the adverse employment action. *Quigg v. Thomas Cnty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016). Plaintiff has not and cannot plead

CASE NO.: 2:25-cv-00562-JES-NPM

such a prima facie case of race discrimination.

### A. Alleged Conduct Not Constituting Adverse Employment Action

To the extent that Plaintiff is claiming that her initially not being moved to a different floor, being called into the office on one occasion for answering her cell phone during business hours for personal reasons, being called into the office for questioning about incidents involving other employees on other occasions, and being "marginalized," constitutes adverse employment action, such is not the case.

To be sure, an adverse employment action is an ultimate employment decision, such as discharge, or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, that deprives him or her of employment opportunities, or adversely affects his or her status as an employee." *Gupta v. Florida Bd. of Regents,* 212 F.3d 571, 587 (11th Cir. 2000). By contrast, an employer's reprimanding/scolding, unfairly criticizing, and even yelling at, an employee, is insufficient to satisfy the adverse employment action requirement. *Davis v. Town of Lake Park, Fla.,* 245 F.3d 1232, 1236 (11th Cir. 2001); *Summerlin v. M&H Valve Co.,* 167 F. App'x 93 (11th Cir. 2006); *Wallace v. Georgia Dep't of Transp.*, 212 F. App'x 799 (11th Cir. 2006). In line with same, the remaining, more minor conduct, alleged by Plaintiff, also fails to suffice. Specifically, the mere questioning an employee (even about her own conduct) does not constitute adverse employment action. *Olson v. Takeda Pharms. Am., Inc.,* 2025 WL 326778, at *3 (M.D. Fla. 2025). Likewise, belittling an employee does not constitute adverse employment action. *Perry v. Walmart Inc.,* 2020 WL 1158719, at *12 (M.D. Fla. 2020); *Gooden v. Internal Revenue Serv.,* 679 F. App'x 958,

CASE NO.: 2:25-cv-00562-JES-NPM

965 (11th Cir. 2017). Not everything that makes an employee unhappy is an actionable adverse employment action. *Shannon v. Bellsouth Telecomm., Inc.,* 292 F.3d 712, 716 (11th Cir. 2002).

### B.     No Similarly Situated Employees Were Treated More Favorably

Evidence of similarly situated employees must be used to support a prima facie case of discrimination. *See, Jones v. Bessemer Carraway Med. Center*, 137 F.3d 1306 (11th Cir. 1998). The Eleventh Circuit has clarified that in order to establish the similarly situated requirement, an employee must prove that he and "the unprotected person 'are similarly situated in all relevant aspects.'" *Anderson v. Twitchell,* 76 F.Supp.2d 1279, 1286 (quoting *Holifield v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997)); *Jones v. Gerwens,* 874 F.2d 1534, 1539 (11th Cir. 1989). The comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer. *Wilson v. B/E Aerospace, Inc.,* 376 F.3d 1079, 1091 (11th Cir. 2004). Significantly, simply alleging there was another employee, without showing he was similarly situated in all relevant aspects, fails to satisfy this element. *Nix. v. WLCY Radio/Rahall Commc'ns,* 738 F.2d 1181, 1186-87 (11th Cir. 1984). When discipline is involved, in making a determination as to whether employees are similarly situated in a discrimination case, "it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Silvera v. Orange County Schl. Bd.*, 244 F.3d 1253, 1259 (11th Cir. 2001). A complainant who fails to set forth sufficient evidence to satisfy the similarity element does not establish a prima facie case for discrimination. *Holifield*, 115 F.3d at 1563.

9

Plaintiff fails to allege sufficient material facts to satisfy the similarity element, and she will be unable to do so.  Although Plaintiff advances the conclusory allegation that the office manager treated similarly situated employees more favorably, she fails to advance any facts in support of such bare-bones conclusion.  Specifically, the Complaint is devoid of any identification of a single similarly situated non-African American employee who was treated more favorably, let alone an employee nearly identical to her in all relevant aspects.  Likewise, the Complaint is devoid of any explanation of the alleged treatment at issue, and what was more or less favorable about it.

Importantly, the failure to bring forth any evidence to support the similarity element renders a complaint insufficient to establish a prima facie case for discrimination and subject to dismissal.  *See, St. Hilaire v. The Pep Boys, Manny, Moe and Jack*, 73 F.Supp.2d 1350, 1361 (S.D. Fla. 1999) (finding dismissal appropriate where plaintiff alleging discriminatory discharge did not show there was a similarly situated employee).

### C.    The Requisite Causation is Lacking

Plaintiff does not even allege that she was terminated because of her race, let alone advance any factual support for any such allegation.  Thus, the causation element is also not satisfied.

It follows from the above discussions that Count I of the Complaint fails.

CASE NO.: 2:25-cv-00562-JES-NPM

IV.    **Count II of Plaintiff's Complaint for Race-Based Retaliation Under Title VII Fails to State a Claim for Which Relief May be Granted**

In order to state a prima facie case of Title VII retaliation, a complainant must show: (1) he engaged in a statutorily protected activity, (2) he suffered an adverse employment action, and (3) a "but for" causal relationship between the two events exists. *Gupta v. Florida Bd. of Regents,* 212 F.3d 571, 578 (11th Cir. 2000); *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013).  Plaintiff has not and cannot plead such a prima facie case of retaliation.

A.    **Lack of Statutorily Protected Activity**

Although Plaintiff advances the conclusory allegation that on several occasions between February and April of 2025, she complained to the office manager that she was being harassed by co-workers based on her race, she fails to articulate any facts in support of such bare-bones conclusion.  Specifically, the Complaint is devoid of any identification of a single race-based comment allegedly made to Plaintiff, let alone the date(s) on which she allegedly complained about it, whether the complaints were verbal or in writing, and the contents of the alleged complaints.  Such pleading failures are fatal to Plaintiff's claim.

Importantly, a complaint must allege facts properly setting forth the essential elements of a cause of action. *Hazel,* 7 F.Supp.2d at 1352.  Indeed, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009).  Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  A plaintiff's

11

obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.,* 550 U.S. at 555. Indeed, recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft,* 129 S. Ct., 1937. Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.* Similarly, a complaint will not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* Further, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation," or unwarranted deductions of fact. *Bell Atlantic Corp.,* 550 U.S. at 555; *South Florida Water Management District v. Montalvo,* 84 F.3d 402, 409 n. 10 (11th Cir. 1996). It is clear from the above that Plaintiff's retaliation claim falls short of satisfying the above pleading requirements, warranting dismissal.

Even if Plaintiff had complained of any alleged race-based harassment, she would not have engaged in statutorily protected activity because no harassment had occurred. Indeed, as noted above, Plaintiff fails to identify a single derogatory race-based comment directed toward her, let alone a steady barrage of them permeating the workplace, which is required to satisfy the threshold for harassment.[2] Thus, there was no unlawful practice for Plaintiff to believe occurred to oppose/complain about. Significantly, to establish that she engaged in statutorily protected expression, a

---

[2] *See generally, Buckhanon v. Huff & Assocs. Const. Co.,* 506 F. Supp. 2d 958, 966–67 (M.D. Ala. 2007) (standard for harassment is not whether the employer is hostile, but whether the workplace is "permeated" with discrimination); *Johnson v. Bunny Bread Co.,* 646 F.2d 1250, 1257 (8th Cir. 1981) (there must be a steady barrage of opprobrious harassing comments or conduct).

plaintiff must show that she had a subjective belief that the defendant was engaged in unlawful practices, and that belief must be objectively reasonable. *See Weeks v. Harden Mfg. Corp.,* 291 F.3d 1307, 1312 (11th Cir. 2002).

Plaintiff also claims that she engaged in statutorily protected activity by filing a Charge and Amended Charge of Discrimination based on her allegedly being harassed by her co-workers due to her race. *See,* Complt. ¶¶ 43-44. However, as mentioned in section II above, Plaintiff's Charges are devoid of any reference to race-based comments/harassment by co-workers. As such, her Charges do not constitute engagement in statutorily protected activity for the purposes of her race-based retaliation claim.[3]

**B.     Lack of Adverse Employment Action**

CSK refers the Court to the arguments contained within section III(A) above, which equally apply here. Additionally, Plaintiff advances the conclusory allegation that she was terminated on June 11, 2024, and CSK's stated reason for such decision was pretextual and baseless. *See,* Complt. ¶¶ 46-47. However, Plaintiff fails to advance any factual support for such bare-bones conclusions, such as the contents of the alleged reason, and what about it was pretextual. As discussed above, such pleading failures

---

[3] Plaintiff also claims that she engaged in statutorily protected activity by failing to reach a settlement of her claim during EEOC or FCHR mediation. *See,* Complt. ¶ 45. However, a failure to settle a claim does not constitute statutorily protected activity. By contrast, the anti-retaliation provisions of the federal statutes governing employment relationships have two distinct categories of "statutorily protected activity," and accordingly, give rise to two distinct brands of retaliation claims. The two types of activity are as follows: (1) opposing any practice made unlawful by Title VII ("opposition clause"); and (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3 ("participation clause").

render the Complaint deficient and subject to dismissal. Plaintiff will be unable to advance such requisite factual allegations because she was not in fact terminated, and instead, abandoned her job.

### C.    Lack of "But For" Causation

As mandated by the Supreme Court of the United States, a plaintiff bringing a Title VII retaliation claim must show that the alleged adverse employment action against the plaintiff would not have occurred "but for" the plaintiff's protected activity, meaning the plaintiff's participation in protected activity must be *the* reason why the adverse employment action was taken against the plaintiff and not simply a motivating factor in the employer's decision.  *See, University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013).

Plaintiff does not even allege the existence of "but for" causation, let alone any facts in support of such requisite assertion, and she will be unable to do so, as she claims that she was terminated for reasons other than purportedly complaining about alleged race-based harassment, namely, being disabled, aged, and complaining about alleged harassment based on same.  *See,* Counts III, IV-VI of the Complaint.

The lack of the required discriminatory animus on the part of CSK is further reflected by Plaintiff's allegation that on several occasions between February and April of 2025, she complained to the office manager that she was being harassed by co-workers based on her race.  It is axiomatic that had CSK had a discriminatory animus/sought to terminate Plaintiff for such alleged complaints, it would have done

14

so after her first or second alleged complaint back in or around February.  Plaintiff was not (allegedly) terminated until June.

It follows from the above discussions that Plaintiff has not and cannot sufficiently plead a claim for retaliation.

**V.      Count III of the Complaint for Age Discrimination in Violation of the ADEA Fails to State a Claim for Which Relief May be Granted.**

In order to state a case of age discrimination, a plaintiff must show that (1) he was a member of the protected group of persons age 40 or older, (2) he was subject to adverse employment action, (3) he was qualified to do the job, and (4) he was replaced by an individual outside the protected class, or, in the case of a disparate treatment case, his employer treated similarly situated employees outside of his protected class more favorably than he was treated.  *Llano v. Miami-Dade County*, 2016 U.S. Dist. LEXIS 160343 at *13-14 (S.D. Fla. 2016); *Williams v. Vitro Services Corp.,* 144 F.3d 1438, 1441 (11th Cir. 1998).

However, "in no case does the court hold that as a matter of law a prima facie case is established if a plaintiff simply shows [the above-outlined four elements]." *Pace v. Southern Ry. System*, 701 F.2d 1383 (11th Cir. 1983).  In this regard, the plain language of the ADEA, which makes it unlawful to take adverse action against an employee "because of such individual's age," requires that an ADEA plaintiff must show that "but for" the age discrimination, the adverse action would not have occurred. *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343, 2351 (2009); *See also, Mora v. Jackson Memorial Foundation, Inc.*, 597 F.3d 1201, 1204 (11th Cir. 2010). The ultimate issue is whether the decision-maker acted with discriminatory intent.  *See*, *e.g.*,

*Hipp,* 973 F. Supp. at 1043.

The Complaint does not plead the above-listed requirements.

### A.    Lack of Adverse Employment Action

The arguments advanced in section III(A) and IV (B) equally apply to this claim and are therefore reiterated herein.

### B.    Lack of Replacement or Similarly Situated Employees Treated More Favorably

Plaintiff fails to even allege that she was replaced by an individual outside of the protected age group, let alone advance any factual support for any such contention. Likewise, Plaintiff fails to even allege that similarly situated employees were treated more favorably, let alone advance any factual support for any such contention.  As discussed above, the failure to allege and show that there was a similarly situated employee renders a complaint insufficient to plead a prima facie case for discrimination and subject to dismissal.  *See, St. Hilaire v. The Pep Boys, Manny, Moe and Jack*, 73 F.Supp.2d 1350, 1361 (S.D. Fla. 1999).

### C.    The Requisite "But For" Causation is Lacking

Plaintiff does not even allege that she was terminated because of her age, let alone advance any factual support for any such contention.  She will be unable to do so, as she claims that she was terminated for reasons other than her age, namely, her race and being disabled, and alleged complaints about purported harassment based on same.  *See,* Counts I, II, V, VI, and VII of the Complaint.

**VI.   Counts IV and VI of Plaintiff's Complaint for Age and Disability-Based Retaliation Fails to State a Claim for Which Relief May be Granted**

Counts IV and VI mirror Count II, with the exception of them being age and disability-based instead of race-based.  As such, the arguments advanced in section IV above equally apply here, with the slight corresponding difference.

Specifically, although Plaintiff advances the conclusory allegation that on several occasions between February and April of 2025, she complained to the office manager that she was being harassed by co-workers based on her age and disability, she fails to articulate any facts in support of such bare-bones conclusion.  Specifically, the Complaint is devoid of any identification of a single age or disability-based comment allegedly made to Plaintiff, let alone the date(s) on which she allegedly complained, whether the complaints were verbal or in writing, and the contents of the alleged complaints.  As discussed above, such pleading failures render the Complaint deficient and subject to dismissal.

Even if Plaintiff had complained of any alleged age or disability-based harassment, she would not have engaged in protected activity because no harassment had occurred.  Indeed, Plaintiff fails to identify a single derogatory age or disability-based comment directed toward her, let alone the steady barrage of them permeating the workplace required to satisfy the threshold for harassment.  Thus, there was no unlawful practice for Plaintiff to believe occurred to oppose/complain about.

Plaintiff also fails to even allege the existence of "but for" causation, let alone plead any facts in support of such requisite assertion, and she will be unable to do so, as she claims that she was terminated for reasons other than purportedly complaining

CASE NO.: 2:25-cv-00562-JES-NPM

about alleged age or disability-based harassment, namely, being African American, and complaining about alleged harassment based on same.  *See,* Counts I, II, and VII of the Complaint.

The lack of the requisite discriminatory animus on the part of CSK is further reflected by Plaintiff's allegation that on several occasions between February and April of 2025, she complained to the office manager that she was being harassed by co-workers based on her age and disability.  It is axiomatic that had CSK possessed a discriminatory animus against her/sought to terminate her for such alleged complaints, the firm would have done so after her first or second alleged complaint back in or around February.  Plaintiff was not (allegedly) terminated until June.

The remaining arguments are the same as those outlined in section IV, and are therefore reiterated herein.

It follows from the above discussions that Plaintiff has not and cannot plead a claim for retaliation.

## VII.   Count V of Plaintiff's Complaint for Disability Harassment Fails to State a Claim for Which Relief May be Granted

To set forth a prima facie case of harassment/hostile work environment, a plaintiff must establish that: (1) she is a member of a protected class, (2) she was subjected to unwelcome harassment, (3) the harassment was based on the protected characteristic, (4) the harassment was severe and pervasive enough to affect the terms and conditions of her employment and/or create a discriminatory abusive working environment, and (5) a basis for holding the employer liable exists.  *Hulsey v. Pride Restaurants, LLC,* 367 F.3d 1238 (11th Cir. 2004); *Henson v. City of Dundee*, 682 F.2d

18

CASE NO.: 2:25-cv-00562-JES-NPM

897, 903-905 (11th Cir. 1982). The Complaint does not plead the above-listed requirements.

## A.    Lack of Unwelcome Harassment

Although Plaintiff advances the conclusory and generic allegation that she was subjected to repeated harassment regarding her fibromyalgia by her co-worker, Plaintiff fails to advance any factual support for such bare-bones conclusion. Specifically, Plaintiff fails to identify a single allegedly harassing comment that the co-worker made about the alleged disability, let alone the date(s) of any such mystery comments. As discussed in section III(B) above, such failure renders the cause of action subject to dismissal.

## B.    Lack of Severe and Pervasive Conduct

"To be actionable, the harassment must be so severe and pervasive as to 'have the purpose or effect of unreasonably interfering with [the plaintiff's] work performance or creating an intimidating, hostile or offensive environment." *Schwertfager v. City of Boynton Beach,* 42 F.Supp.2d 1347 (S.D. Fla. 1999). "Harassing conduct is severe when it causes the employee's workplace to become permeated with discriminatory intimidation, ridicule, and insult . . . sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Meritor; Hernandez v. Commc'ns Unlimited of the South, Inc.,* 2005 WL 3803064, at * 5 (M.D. Ala. 2005).

By contrast, isolated incidents, even those that are arguably offensive, are not sufficient to meet the standard for claims of harassment. *Mont-Ross v. City of West*

*Miami*, 111 F.Supp.2d 1338, 1362 (S.D. Fla. 2000). The "mere utterance of an ... epithet which engenders offensive feelings in an employee" is insufficient to establish a violation of Title VII. *Id.* at 67. The Supreme Court has made it clear that [Title VII] is not a "general civility code," and that teasing, offhand comments, and isolated incidents may constitute ordinary tribulations of the workplace but are not discriminatory changes in the terms and conditions of employment. *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998)*; Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75 (1998).

Although Plaintiff advances the conclusory and generic allegation that she was subjected to repeated harassment regarding her fibromyalgia by her co-worker, Plaintiff fails to advance any factual support for such bare-bones conclusion. Specifically, the Complaint does not even identify one example of disability-based harassment, let alone the steady barrage of opprobrious harassing comments or conduct permeating the workplace that is required. Likewise, although Plaintiff advances the conclusory allegation that the harassment altered a term, condition, or privilege of her employment, she fails to advance any factual support for such bare-bones conclusions. Specifically, she fails to allege which of these three was altered, let alone identify the term/condition/privilege that was altered and state how it was altered. To the contrary, Plaintiff continued to work for CSK without issue following the alleged harassment for up to four months, reflecting the lack of interference the alleged mystery harassment had on her work performance.

It follows from the above discussion that Plaintiff's claim for disability-based

20

CASE NO.: 2:25-cv-00562-JES-NPM

harassment fails.[4]

## VIII.  Count VII of Plaintiff's Complaint for Race-Based Retaliation in Violation of Section 1981 Fails to State a Claim for Which Relief May be Granted.

A plaintiff establishes a *prima facie* case of retaliation under § 1981 by demonstrating that (1) she engaged in statutorily protected activity, (2) she suffered a materially adverse action, and (3) the alleged adverse employment action against the plaintiff would not have occurred "but for" the plaintiff's protected activity. *Johnson,* 2020 WL 534487 (citing *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013)).  The Complaint does not plead such elements.

### A.    Lack of Statutorily Protected Activity

The arguments advanced in section IV (A) equally apply to this claim and are therefore reiterated herein.

### B.    Lack of Adverse Employment Action

Inconsistent with the remainder of her Complaint, Plaintiff alleges in her Section 1981 retaliation count that she was constructively discharged.  In order to prove constructive discharge, an employee "must demonstrate that [her] working conditions were so intolerable that a reasonable person in her position would be compelled to resign." *Graham v. State Farm*, 193 F.3d 1274, 1284 (11th Cir. 1999); *Fitz v. Pugmire Lincoln-Mercury, Inc.*, 348 F.3d 974, 977 (11th Cir. 2003).

The threshold for establishing the subject "intolerable working conditions"

---

[4] The Complaint does not include counts for race or age-based harassment; however, the pleading haphazardly references alleged race and age-based comments/harassment by co-workers in connection with other counts.  To the extent that the Complaint is construed as asserting claims for race or age-based harassment, same would fail for the same reasons as those outlined above.

21

necessary for a constructive discharge claim is quite high, and is not met where the plaintiff's working conditions are merely unpleasant or even hostile. *Hill v. Winn-Dixie Stores, Inc.*, 934 F.2d 1518, 1527 (11ᵗʰ Cir. 1991). In this regard, the standard for constructive discharge is higher than the standard for hostile work environment claims. *Walton v. Johnson & Johnson Servs.*, 347 F.3d 1272, 1282 (11th Cir. 2003).

Plaintiff has failed to even allege that her working environment was so intolerable that a reasonable person would have felt compelled to resign/had no choice but to resign, let alone articulate any facts in support of any such claim. As discussed in section VII above, Plaintiff cannot even satisfy the standard for hostile work environment, let alone the higher standard required for a constructive discharge claim. In this regard, Plaintiff fails to identify a single derogatory race-based comment made to her, let alone a steady barrage of them permeating the work environment. Additionally, the fact that Plaintiff remained working for CSK for up to four months following the alleged harassment also demonstrates that the working conditions were not intolerable and necessarily defeats her constructive discharge claim. To be sure, the fact that a claimant is willing to remain employed by defendant for additional time cuts against her claim that her working conditions were intolerable. *See generally, Shelar v. Ameripride,* 2006 WL 1877010 (D. Kan. 2006).

**C.    Lack of "But For" Causation**

As with a Title VII retaliation claim, a plaintiff bringing a Section 1981 retaliation claim must show that the alleged adverse employment action against the plaintiff would not have occurred "but for" the plaintiff's protected activity, meaning

the plaintiff's participation in protected activity must be *the* reason why the adverse employment action was taken against the plaintiff and not simply a motivating factor in the employer's decision. *See, Johnson,* 2020 WL 534487. As such, CSK reiterates its arguments advanced in section V(C) above.

For the reasons outlined above, Plaintiff has not and cannot establish a claim for section 1981 retaliation.

## CONCLUSION

In conclusion, Plaintiff's Complaint should be dismissed for the several reasons discussed throughout this Motion.

WHEREFORE, Defendant, Cole, Scott & Kissane, P.A. respectfully requests that this Court grant its Motion to Dismiss the Complaint.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), the undersigned counsel conferred with counsel for Plaintiff via electronic mail on August 22, 2025, in a good faith effort to resolve, by agreement, the issues raised by this motion. No such agreement was reached. Specifically, counsel advised that Plaintiff objects to the relief requested by this Motion.

> COLE, SCOTT & KISSANE, P.A.
> *Attorneys for Defendants*
> Esperante Corporate Center
> 222 Lakeview Avenue, Suite 120
> West Palm Beach, Florida  33401
> Telephone: (561) 383-9200
> Facsimile: (561) 683-8977
>
> By: /s/ *Nicole M. Wall*
>     NICOLE M. WALL

CASE NO.: 2:25-cv-00562-JES-NPM

FBN: 17430
Email: Nicole.Wall@csklegal.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 24th day of September 2025, we electronically filed the foregoing document with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   *s/ Nicole Wall*
      NICOLE M. WALL
      FBN: 17430

**SERVICE LIST**
Shane McDonald, Esq.
Malcolm A. Purow, Esq.
Light Path Law, P.A.
*Counsel for Plaintiff*
2069 First Street, Suite 100
Fort Myers, FL 33901
T: (239) 689-8481
F: (239) 294-3930
E:  mpurow@lightpathlaw.com
    smcdonald@lightpathlaw.com
    kcapra@lightpathlaw.com
    ssilva@lightpathlaw.com
*[VIA CM/ECF]*