UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERRI BANNISTER,

    Plaintiff,

v.                                                    CASE NO.: 2:25-cv-00562-JES-NPM

COLE, SCOTT & KISSANE, P.A.,

    Defendants.

_____

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Plaintiff, SHERRI BANNISTER, by and through undersigned counsel, and files this Response in Opposition to Defendant, COLE, SCOTT & KISSANE, P.A.'s, Motion to Dismiss, and states:

1.    The Plaintiff sued the Defendant for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with Disability Act of 1990, and the Civil Rights Act of 1866.

2.    The Plaintiff filed a complaint with the Florida Commission on Human Relations on April 9, 2024, alleging discrimination by the Defendant based on race, disability, and age, and retaliation. (Dkt. 1, Exh. 1).

3.      On March 26, 2025, the EEOC issued its Determination of Charge and Notice of Right to Sue Letter. (Dkt. 34, Exh. 1).

4.      The Plaintiff received notice of the Right to Sue letter on April 1, 2025 when it was provided to her via email by attorney Shannon Ligon. (Dkt. 34, Exh. 1).

5.      Shannon Ligon was never retained, hired, authorized by the Plaintiff to represent her in any capacity regarding her federal discrimination case. *See* Affidavit of Plaintiff, attached as Exhibit 1.

6.      The Plaintiff filed her complaint on June 30, 2025, within the 90-day period from receipt of notice on April 1, 2025.

## MEMORANDUM OF LAW

### I.      Defendant's claim that Counts I through VI are time-barred.

Defendant's motion relies on the EEOC's statement that "Receipt generally occurs on the date that you (or your representative) received the document" and asserts the EEOC "sent" the Notice on March 26, 2025, then concludes the deadline expired June 24, 2025. But the motion cites no allegation or evidence that Plaintiff, or Plaintiff's authorized representative for the EEOC charge, actually received the Notice on March 26, 2025.

Shannon Ligon was not the Plaintiff's authorized attorney at any time regarding actions before the EEOC. The Supreme Court has indicated that receipt of an EEOC requires that it be received by the claimant or the claimant's **designated**

representative. *Irwin v Department of Veteran's* Affairs, 498 U.S. 89, 92, 111 S. Ct. 453, 456 (1990).

The question of when the 90-day period begins depends on actual receipt by the claimant or by an authorized attorney. Where receipt is unclear or disputed, dismissal is improper at the pleading stage. The Defendant's assertion that the claim is time-barred rests on a factual premise – constructive receipt on March 26, 2025 – that is neither admitted nor established by the Complaint and is contradicted by Plaintiff's affidavit submitted herewith, attesting that she actually received the notice on April 1, 2025 and clarifying that attorney Ligon was not her attorney for the EEOC matter.

Without a properly supported showing that an authorized representative for the Plaintiff received the Notice on March 26, 2025, Defendant cannot carry its burden to prove untimeliness on the face of the pleadings. On a Rule 12(b)(6) motion, the Court cannot resolve such factual disputes in Defendant's favor.

## II.   Defendant's claim that Plaintiff's allegations are barred for Failure to Comply with Administrative Prerequisites.

Defendant's Section II argument rests on a strict identity-of-issues view that exceeds the governing "like or related"/"scope of the EEOC investigation" standard. Claims not specifically articulated in a charge are nonetheless exhausted if they

"amplify, clarify, or more clearly focus" the allegations or are reasonably expected to grow out of the EEOC's investigation of the charge. *Gregory v Ga. Dep't of Human Res.*, 355 F.3d 1277 1279-80 (11th Cir. 2004). Defendant cites *Gregory*, but omits that it supports Plaintiff's position: plaintiffs are not required to mirror the complaint to the charge; new legal theories and post-charge retaliation/termination related to the same facts are encompassed if reasonably related.

Defendant's assertion that the Charge is "devoid" of disability/race harassment content is a merits quarrel about detail, not exhaustion. At the pleading stage, the Complaint's allegations supply the factual nexus: reports of harassment by co-workers, the firm's knowledge, and subsequent adverse action. The charge need not catalog every remark or date. Gregory's "reasonable scope" standard is satisfied.

Retaliation or termination occurring after the charge is reasonably related to and grows out of the charge, especially where tied to the same protected activity. *Baker v Buckeye Cellulose Corp.,* 856 F.2d 167 (11th Cir. 1988); *Gupta v East Texas State Univ.,* 654 F.2d 411 (5th Cir. Unit A 1981). Post-charge retaliation is treated as exhausted because it arises out of the very filing and processing of the charge itself. Defendant's contention that the Court lacks subject-matter jurisdiction due to purported non-exhaustion is also legally outdated. The Supreme Court, in *Fort Bend County, Texas v Davis*, 587 U.S. 1843, 1850, 139 S.Ct. 1843, 1850 (2019), has

clarified Title VII's charge-filing requirements are claim-processing, not jurisdictional. Dismissal at Rule 12 is unwarranted where the Complaint and attached charge permit a reasonable inference of exhaustion under *Gregory*. Accordingly, Section II presents, at most, a fact-bound exhaustion dispute unsuitable for resolution on a motion to dismiss.

**III.   Defendant's claim that Count I of the Complaint fails to state a cause of action**

Defendant reframes Count I as based on minor indignities, ignoring Plaintiff's termination on June 11, 2024, which is paradigmatic adverse employment action. Defendant's reliance on cases about reprimands or questioning is beside the point where discharge is pled.

Defendant demands *McDonnell Douglas* comparator detail and near-identity at a Rule 12 motion. That is improper. A complaint need only plausibly allege discriminatory discharge; it need not prove a prima facie case or identify a "nearly identical" comparator to survive a 12(b)(6) motion. *Swierkiewicz v Sorema N.A.,* 534 U.S. 992, 122 S.Ct. 992 (2002), *Tynes v Florida Department of Juvenile Justice,* 88 F.4th 939 (11th Cir. 2023). Defendant's own authorities recite standards for proof, not pleading, and its argument that Plaintiff "does not even allege" racial causation simply ignores that the Complaint alleges race-based treatment, complaints to

management, and subsequent adverse action. The causation analysis Defendant proposes is for summary judgment, not a motion to dismiss.

Defendant's assertion that Plaintiff "will be unable" to plead comparators is speculative and improper on a 12(b)(6) motion. The Court must accept well-pleaded facts as true and draw reasonable inferences in Plaintiff's favor; it cannot credit Defendant's contrary factual narrative.

Count I is sufficiently pled. Section III should be denied.

**IV.    Defendant's claim that Count II of the Complaint fails to state a cause of action.**

Defendant argues the Complaint lacks specifics about Plaintiff's race-based complaints and thus no protected activity exists. But the Complaint alleges she complained to the office manager on several occasions between February and April about race-based harassment by co-workers; that suffices at Rule 12 to plead protected "opposition" activity. Defendant's attempt to require quotations, exact dates, and formats is contrary to Rule 8 and Iqbal/Twombly pleading, which requires plausibility, not evidentiary detail.

Defendant's further assertion that "no harassment had occurred" is an unsupported merits contention; protected activity exists where Plaintiff had a good-faith, objectively reasonable belief that unlawful conduct occurred. *Weeks v. Harden*

*Mfg.* 291 F.3d 1307 (11ᵗʰ Cir. 2002) confirms the standard focuses on Plaintiff's reasonable belief, not ultimate proof at the pleading stage.

Plaintiff plausibly alleges termination and pretext; Rule 8 does not require pretext particulars before discovery. Defendant's contrary factual claim that Plaintiff "abandoned her job" is an extrinsic, disputed fact that cannot support dismissal under Rule 12(b)(6).

Temporal proximity between repeated protected complaints (February–April) and termination in June supports a plausible inference of but-for causation at the pleading stage. Defendant's argument that the firm would have terminated after the "first complaint" is speculative and inappropriate on a motion to dismiss.

Count II is sufficiently pled. Section IV should be denied.

**V.     Defendant's claim that Count III of the Complaint fails to state a cause of action.**

Defendant again imports summary judgment burdens (replacement by younger employee or detailed comparator proof) into Rule 12. At the pleading stage, Plaintiff must plausibly allege adverse action because of age; she need not identify a specific replacement or provide near-identical comparators to survive dismissal. See *Swierkiewicz,* 535 U.S. 508; *Buchanan v Delta Air Lines, Inc.,* 727 Fed. Appx. 639 (11ᵗʰ Cir. 2018). Defendant's authorities address evidentiary showings, not Rule 8 pleading standards.

Plaintiff alleges protected status (43), job performance, adverse action (e.g. termination), and facts supporting an inference of discriminatory motive alongside similarly timed protected complaints, which is sufficient at this stage. Defendant's assertion that Plaintiff "does not even allege" age causation is argumentative and contrary to the Complaint's age-based count as described in the Motion itself.

Count III is sufficiently pled. Section V should be denied.

**VI.    Defendant's claim that Counts IV and VI of the Complaint fail to state a cause of action.**

Plaintiff alleges she complained to the office manager on several occasions between February and April about age- and disability-based harassment. That is protected "opposition" activity under the ADEA and ADA. Defendant's demand for specific quotations, dates, and modes exceeds Rule 8.

Plaintiff alleges termination in June following repeated protected complaints in the preceding months, supporting a plausible causal inference at Rule 12. Defendant's speculation that the firm "would have" acted earlier is not a basis for dismissal.

Plaintiff would reallege arguments made in section IV, above. Counts IV and VI are sufficiently pled. Section VI should be denied.

**VII.   Defendant's claim that Count V of the Complaint fails to state a cause of action.**

Plaintiff alleges repeated mocking by a co-worker regarding her fibromyalgia, reports to the office manager, and workplace effects including marginalization and management's failure to stop the conduct. Defendant's insistence on verbatim statements, dates, and frequency is improper at Rule 12; those particulars are for discovery. The elements - membership in protected class, unwelcome harassment, disability-based animus, severity/pervasiveness affecting terms and conditions, and employer liability - are all plausibly pled.

Severity/pervasiveness is a fact-intensive inquiry. Dismissal at the pleadings is disfavored absent a clear insufficiency. Defendant's cited "isolated incident" and "civility code" authorities do not control where Plaintiff alleges repeated mocking and resulting workplace consequences; whether the conduct meets the threshold is for a developed record, not a Rule 12 motion.

Plaintiff would reallege arguments made in section IV, above. Count V is sufficiently pled. Section VII should be denied.

**VIII. Defendant's claim that Count VII of the Complaint fails to state a cause of action.**

Defendant's contention that Plaintiff inconsistently alleged constructive discharge ignores that the Complaint also alleges termination; in any event, § 1981 retaliation is satisfied by materially adverse action, which includes termination or

other materially adverse measures. *Jefferson v Sewon America, Inc.*, 891 F.3d 911, 924 (11th Cir. 2018). At the pleading stage, either theory is sufficient to proceed.

Plaintiff alleges temporal proximity and retaliatory motive tied to protected complaints. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to state a claim to relief which is plausible on its face. *Ashcroft v Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). The Court further stated, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.,* at 678.

Plaintiff alleges temporal proximity and retaliatory motive tied to protected complaints. Defendant's "but-for" argument is a merits standard that does not require evidentiary proof at Rule 12; Plaintiff need only plausibly allege that her complaints were the but-for cause, which she does through chronology and context. See *Ziyadat v Diamondrock Hospitality Company,* 3 F.4th 1291, 1297-1298 (11th Cir. 2021).

Plaintiff also adopts arguments made in section IV, above. Section VIII should be denied.

## CONCLUSION

Defendant's motion relies on evidentiary burdens and disputed facts inappropriate for Rule 12(b)(6). Under controlling Eleventh Circuit pleading and

exhaustion standards, Plaintiff's claims are plausibly alleged and should proceed to discovery. The Motion to Dismiss should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and forgoing has been electronically filed and sent via electronic mail to the party listed on the attached service List on this 24th day of October, 2025.

**Light Path Law, P.A.**
*Counsel for Plaintiff*
2069 First Street, Suite 100
Fort Myers, FL 33901
Phone: (239) 689-8481
Fax: (239) 294-3930
mpurow@lightpathlaw.com Primary
kscott@lightpathlaw.com
kcapra@lightpathlaw.com
cott@lightpathlaw.com

By: *Malcolm A. Purow*

Malcolm A. Purow, Esq. Lead Counsel
Florida Bar No. 282790

## SERVICE LIST

**COLE, SCOTT & KISSANE, P.A.**
*Attorneys for Defendant*
Esperante Corporate Center
222 Lakeview Avenue
Suite 500
West Palm Beach, Florida 33401

Telephone: (561) 383-9200
Barry Postman, Esq.
Florida Bar No. 991856
Barry.Postman@csklegal.com
Nicole M. Wall, Esq.
Florida Bar No. 17430
Nicole.Wall@csklegal.com