UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

SHERRI BANNISTER,

     Plaintiff,                             CASE NO.: 2:25-cv-00562-JES NPM

v.

COLE, SCOTT & KISSANE, P.A.,

     Defendant.

_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION
TO ITS MOTION TO DISMISS COMPLAINT**

COMES NOW, Defendant, Cole, Scott & Kissane, P.A. (hereinafter "CSK"), by and through the undersigned counsel, and hereby files this Reply to Plaintiff's Response in Opposition of it Motion to Dismiss:

**MEMORANDUM OF LAW**

**I.     Counts I through VI of Plaintiff's Complaint are Time-Barred**

Plaintiff's Response alleges that CSK's Motion cites no allegation or evidence that Plaintiff's designated/authorized representative for her EEOC Charge actually received the Notice on March 26, 2025, and that Shannon Ligon was not Plaintiff's authorized attorney at any time for such EEOC matter. Such contentions are blatant misrepresentations. Indeed, in response to the EEOC's March 26, 2025 e-mail to attorney Shannon Ligon attaching the Determination and Notice of Rights, said attorney responded on the same day (literally two minutes later), "Received, thank you Mr. Ward. This was on my calendar to get a status as I know my client was getting antsy, however, confirming receipt and will need time to review and I will consult with my client on the same. Respectfully, Shannon

A. Ligon, Esq."  CSK cited to and attached said e-mail exchange to its Motion to Dismiss. *See,* pg. 3 of Motion and Exhibit 1 to same.  CSK also calls the court's attention to a letter from Ligon to CSK and the FCHR[1] dated May 2, 2024 titled, "Letter of Representation, Sherri Bannister v. Cole, Scott & Kissane, P.A. (FCHR No. 202465604; EEOC No. 15D-2024-00768)", on which Plaintiff was copied. *See,* Exhibit A, attached hereto.  By contrast, Plaintiff's Response fails to cite to, or attach any evidence in support of, its conclusory allegation that Shannon Ligon was not Plaintiff's authorized attorney at any time for the EEOC matter.  Although the Response fraudulently claims that Plaintiff's affidavit attests to such alleged fact, such is not the case.  Instead, Plaintiff's affidavit carefully and creatively states that she never retained, hired, or authorized Ligon to represent her or act as her legal counsel in any capacity in connection with *the above-captioned case* (emphasis added), which she interchangeably refers to as "my federal discrimination case," "this matter," and "this case."  As reflected by the above-referenced clear evidence (as well as Plaintiff's concession that she received the Notice of Right to Sue from attorney Ligon[2]), Ligon served as Plaintiff's attorney in connection with the *EEOC matter* and received the EEOC Notice on March 26, 2025.  As Plaintiff's Response correctly states, the Notice is deemed received when received by the claimant's designated representative.  *See, Irwin v. Dep't of Veterans Affs.,* 498 U.S. 89, 92–93, elaborating,

> We conclude that Irwin's complaint filed in the District Court was untimely . . .  §
> 2000e–16(c) requires only that the EEOC notification letter be "received" . . . There
> is no question but that petitioner appeared by his attorney in the EEOC proceeding.
> Under our system of representative litigation, "each party is deemed bound by the
> acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which
> can be charged upon the attorney."

---

[1] The FCHR handled Plaintiff's Charge of Discrimination prior to the EEOC's involvement.
[2] This begs the question, "why would Ligon have received the Notice from the EEOC and sent it to Plaintiff if she was not her attorney?"

2

## II.   Counts I through VI are Barred Due to Administrative Prerequisite Issues

Contrary to Plaintiff's contention, a review of *Gregory v. Ga. Dep't of Human Res.* reflects that it does <u>not</u> state that plaintiffs are not required to mirror the complaint to the charge, or that new legal theories and post-charge retaliation/termination related to the same facts are encompassed if reasonably related.

Additionally, contrary to Plaintiff's allegation that CSK's assertion is a merits quarrel about detail instead of exhaustion, such is not the case.  The issue is not a lack of *detail*, but rather, a complete lack of *existence*.  Plaintiff's Charge is wholly devoid of any reference to her alleged disability, namely, fibromyalgia, let alone harassment based on same.

Plaintiff next cites *Baker v. Buckeye* and *Gupta v. East Texas,* decided in the 1980's, for the proposition that post-charge termination/retaliation is treated as exhaustion of administration prerequisites because it is related to/arises out of the charge.  However, Plaintiff's reliance on such cases is misplaced, as they are inapplicable to this matter.

As an initial matter, both cases were decided prior to the Supreme Court's 2002 decision in *National R.R. Passenger Corp. v. Morgan* in which the Court held that discrete acts of employment retaliation, such as termination, are separate, actionable incidents that must be timely exhausted in accordance with Title VII. *Smith v. City of Atl. Beach*, 2020 WL 708145, at *11 n.10 (M.D. Fla. 2020) (citing *Morgan*, 536 U.S. at 113-14).  The Eleventh Circuit subsequently adopted such rule.  *See, Basel v. Sec'y of Def.*, 507 F. App'x 873, 876 (11th Cir. 2013) ("Discrete acts of discrimination that occur after an administrative filing must first be administratively reviewed before a plaintiff may obtain judicial review of those same acts. Readily identifiable acts, such as termination, are discrete employment

CASE NO.: 2:25-cv-00562-JES-NPM

actions."); *Kelly v. Dun & Bradstreet, Inc.*, 557 F. App'x 896, 899 (11th Cir. 2014).

Thereafter, the Eleventh Circuit clarified that the *Gupta* and *Baker* retaliation exception applies only in narrow circumstances, namely, when the alleged retaliatory conduct occurred *after* the plaintiff had already commenced a lawsuit on his/her prior EEOC charge. *Duble v. FedEx Ground Package Sys., Inc.*, 572 F. App'x 889, 893 (11th Cir. 2014). The Court held that by contrast, when the plaintiff "had the opportunity to amend his EEOC charge or file a new charge relating to his termination" and chose not to do so, he had therefore "failed to exhaust his administrative remedies regarding his termination claims." *Id.* In this regard, the plaintiff in *Duble* was terminated several months after filing his EEOC charge, while it was pending, but before he filed suit in federal court. *Id.* at 891.

The Eleventh Circuit, as well as the Middle District of Florida, subsequently continued to apply *Duble*'s ruling to find that plaintiffs failed to exhaust their administrative remedies for retaliation claims premised on post-charge retaliation. *See, Ellison v. Postmaster Gen.,* 2022 WL 4726121 (11th Cir. 2022); *Jones v. Heritage-Crystal Clean, LLC*, 2016 WL 3406514, at *3-4 (M.D. Fla. 2016); *Gildyard v. Children's Network of Sw. Fla., LLC*, 2025 WL 1093331 at *3 (M.D. Fla. 2025) (Plaintiff's termination was a discrete act "that occur[ed] after the filing of an EEOC complaint" and so "must first be administratively reviewed before [it] may serve as a basis for a judicial finding of discriminatory conduct[.]"); *Edom v. Chronister*, 2021 WL 4244845, at *13–14 (M.D. Fla. 2021) ("In its motion to dismiss, the HCSO asserts that every instance of discrimination *after* Edom's EEOC complaint in November of 2016—including his constructive discharge in July of 2017—is also barred for failing to exhaust administrative remedies. The Court agrees.")

Plaintiff's EEOC charges were filed in March/April of 2024, the investigations were

4

still pending when she was (allegedly) terminated on June 11, 2024, and they remained pending for ten months thereafter. Plaintiff did not file suit in this Court until June 30, 2025. Therefore, Plaintiff had ample opportunity to amend her EEOC charge or file a new charge relating to such alleged termination. However, Plaintiff chose not to do so within the 300 days allotted. Accordingly, her retaliation claims are barred for failure to exhaust administrative remedies. *See generally, Chestnut v. Walmart,* 2024 WL 5304874 and *Edom*, 2021 WL 4244845 (finding same based on the above rationale and dismissing the counts for failure to exhaust administrative remedies).

Even if this Court were to choose not to follow *Duble* and its progeny, the *Gupta/Baker* exception would still not apply to this case because Plaintiff's termination was not "a reasonable outgrowth" of any of the conduct that was alleged in her administrative charges because it was different in type, timing, and consequence. *See generally, Ellison,* 2022 WL 4726121 at *3. It is unreasonable to expect the scope of an EEOC investigation convened for the reasons stated in the Charge to cover a different discrete act at a different time without more. *Id.*

With regard to Plaintiff's final argument that CSK's subject-matter jurisdiction argument is outdated according to *Fort Bend County, Texas v. Davis,* and that a court cannot dismiss a complaint due to non-exhaustion, same is misplaced.

With regard to the former, *Fort Bend County* stands for the mere proposition that because the charge-filing requirement is not jurisdictional, a party's objection to a plaintiff's failure to exhaust may be waived if it is not asserted timely. 587 U.S. at 547, 551-552; *McCullough v. Cirkul Inc.*, 2024 WL 4839191, at *4 (M.D. Fla. 2024). Though Title VII's charge-filing requirement is not jurisdictional, it is still mandated by statute, and a defendant

CASE NO.: 2:25-cv-00562-JES-NPM

may timely raise the issue in a pre-answer motion to dismiss. *McCullough* 2024 WL 4839191. CSK has timely raised the exhaustion issue in its Motion to Dismiss, rendering waiver, and therefore, *Fort Bend County,* inapplicable. *See generally, Mitchell v. Univ. of N. Alabama*, 785 F. App'x 730, 735 (11th Cir. 2019) (the Supreme Court's recent decision in *Fort Bend County*, holding that Title VII's charge-filing requirement is not jurisdictional, does not change the result here because the defendant raised the timeliness issue.)

With regard to the latter, the case law cited in the above paragraphs confirms that courts can, and have, dismissed complaints due to non-exhaustion of administrative prerequisites.

## III.   Count I of the Complaint for Race Discrimination Under Title VII Fails

Plaintiff's Response alleges that based on the cases of *Tynes v. Fla. Dept. Juv. Justice* and *Swierkiewicz v. Sorema*, it is not necessary for her to allege a prima facie case under *McDonnell Douglas* or identify a nearly identical comparator. However, *Tynes* did not hold as such, and *Swierkiewicz* was effectively overruled by *Twombly* when it rejected the old standard for dismissal that required the plaintiff to provide only fair notice of what the claim was and the grounds upon which it rested. *See, Lincoln Mem'l Acad. v. Dep't of Education; Sch. Dist. of Manatee Cnty., Fla.*, 2022 WL 18027784 at *11 (M.D. Fla. 2022); *McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 801 n.4 (11th Cir. 2014); *McCullough v. Bd. of Regents of the Univ. Sys. of Ga.*, 623 F. App'x 980, 983 (11th Cir. 2015); *Iqbal.* at 684, 129 S. Ct. 1937. Thus, regardless of whether a complaint in an employment discrimination lawsuit must establish a prima facie case under the *McDonnell Douglas* framework, it must allege facts to satisfy the elements of the cause of action created by the relevant statute in compliance with *Iqbal. Woods v. City of Greensboro*, 855 F.3d 639, 647–48 (4th Cir. 2017). Failure to do so renders

CASE NO.: 2:25-cv-00562-JES-NPM

complaints alleging discrimination subject to dismissal.  *See, Ashmore v. F.A.A.*, 2011 WL 3915752, at \*2–5 (S.D. Fla. 2011); *Hopkins v. Saint Lucie Cnty. Sch. Bd.,* 399 F. App'x 563, 566 (11th Cir. 2010); *Edwards v. Prime, Inc.,* 602 F.3d 1276, 1300–01 (11th Cir. 2010); *Henderson v. JP Morgan Chase Bank, N.A.,* 2011 WL 3362682 (11th Cir. 2011).

**IV.    Count II for Race-Based Retaliation Under Title VII Fails**

Plaintiff's arguments are unsupported by fact or law, and fail to refute the facts and law cited by CSK, rendering them valueless.

**V.    Count III of the Complaint for Age Discrimination Fails**

Plaintiff's argument based on *Swierkiewicz v. Sorema* is unavailing for the same reasons as those stated in section III above.

**VI.    Counts IV, V, VI, and VII for Section 1981 Race-Based Retaliation Fails**

Plaintiff's Response fails to even address the case law and arguments advanced in CSK's Motion, let alone distinguish or refute them, leaving same wholly unrebutted, yielding decisions on the issues in CSK's favor.

**CONCLUSION**

In conclusion, Plaintiff's Complaint should be dismissed for the several reasons discussed throughout its Motion and this Reply.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 10th  day of November 2025, we electronically filed the foregoing document with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served this day on the following: **Malcolm A. Purow, Esq.** and **Kristie Scott, Esq.**, Light Path Law, P.A., (mpurow@lightpathlaw.com, kscott@lightpathlaw.com).

By: ___*s/ Nicole Wall*_____
NICOLE M. WALL
FBN: 17430