UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERRI BANNISTER,

      Plaintiff,

v.                           Case No:  2:25-cv-00562-JES-DNF

COLE, SCOTT & KISSANE, P.A.,

      Defendant.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on review of Defendant Cole, Scott & Kissane, P.A.'s ("CSK") Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Doc. #42) filed on December 11, 2025.  Plaintiff Sherri Bannister ("Bannister") filed a Response in Opposition (Doc. #43) on December 28, 2025.  CSK filed their Reply (Doc. #46) on January 7, 2026.  For the reasons set forth below, CSK's motion is denied.

**I.**

Bannister has filed a multi-count complaint alleging that she endured a hostile work environment and discrimination based on race, age, and disability.  CSK alleges that Bannister's claims are all time-barred since she did not file suit within ninety (90) days of receiving the right-to-sue letter (Doc. #42, p. 7-8) and/or are barred due to her failure to comply with certain administrative

prerequisites.    (Doc. #42, p. 8-9.)    CSK has filed a motion to dismiss arguing these points, plus the assertion that none of the claims state a cause of action.    The Court has made no ruling on the motion to dismiss.    Despite not yet prevailing on its motion, CSK now seeks sanctions against Bannister and her counsel pursuant to Rule 11 and this Court's inherent powers for knowingly filing a frivolous complaint.    (Doc. #42, p. 2.)

**II.**

**A.    Rule 11**

In pertinent part Rule 11(b) states that when an attorney signs, files, submits, or advocates a pleading, written motion, or other paper they are certifying that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," such filing: (1) "is not being presented for any improper purpose[;]" (2) contains "claims, defenses, [or] other legal contentions [that] are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" (3) contains factual contentions that have evidentiary support, or will have evidentiary support after reasonable opportunity to investigate or conduct discovery; and (4) only contains denials of factual contentions when warranted by the evidence "or, if specifically so identified, are reasonably based on belief or lack

of information." <u>See</u> Fed. R. Civ. P. 11(b).    As the Eleventh

Circuit has recently summarized:

> Rule 11 allows a district court to impose sanctions on a party and his attorney for filing frivolous pleadings or motions. Fed. R. Civ. P. 11(b)-(c). "Rule 11 imposes an affirmative duty on an attorney to conduct a reasonable inquiry into both the facts and the law before filing a pleading or motion." <u>Gulisano v. Burlington, Inc.</u>, 34 F.4th 935, 942 (11th Cir. 2022). Before imposing sanctions, a district court must decide that the claims were "objectively frivolous," and decide that the attorney "who signed the pleadings should have been aware that they were frivolous." <u>Baker v. Alderman</u>, 158 F.3d 516, 524 (11th Cir. 1998). Failure to make a reasonable inquiry is grounds for sanctions "despite the attorney's good faith belief that the claims were sound." <u>Gulisano</u>, 34 F.4th at 942 (citation and internal quotation marks omitted). A pleading or motion is frivolous when it "has no reasonable factual basis"; "is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law"; or is filed "in bad faith for an improper purpose." <u>Massengale v. Ray</u>, 267 F.3d 1298, 1301 (11th Cir. 2001)(citation and internal quotation marks omitted).

<u>Trump v. Clinton</u>, 161 F.4th 671, 691 (11th Cir. 2025).

An attorney's obligations are not just measured at the time the pleading or motion is filed, but also when the attorney, having learned the claims lack merit, reaffirms them to the court. <u>Turner v. Sungard Bus. Sys., Inc.</u>, 91 F.3d 1418, 1422 (11th Cir. 1996). Just because the contentions "were not frivolous at the time it was filed does not prevent the district court from sanctioning [an attorney] for [their] continued advocacy of them after it should

have been clear that those contentions were no longer tenable." See id.

**B.    Court's Inherent Powers**

A court may also impose sanctions for litigation misconduct under its inherent powers. See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1306 (11th Cir. 2009)(citations omitted). Such powers are vested in the courts to manage their affairs so they may achieve the "orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).

For the Court to utilize its inherent powers, the moving party must show subjective bad faith. See Hyde v. Irish, 962 F.3d 1306, 1310 (11th Cir. 2020). Thus, the moving party must show "intentional and not just reckless behavior." J.C. Penney Corp., Inc. v. Oxford Mall, LLC, 100 F.4th 1340, 1346 (11th Cir. 2024)(citing Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1224-25 (11th Cir. 2017)). The moving party may make this showing either with (1) direct evidence of subjective bad faith or (2) evidence of conduct "so egregious that it could only be committed in bad faith." See Hyde, 962 F.3d at 1310(quoting Purchasing Power, 821 F.3d at 1224-25).

If the moving party meets its burden, the Court may impose wide-ranging sanctions against any offending party. Mingo v. Sugar

-4-

Cane Growers Co-op., 864 F.2d 101, 102 (11th Cir. 1989)("The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice."); In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir. 2006)("Federal courts have the inherent power to impose sanctions on parties, lawyers, or both.").  The exercise of the Court's inherent powers, however, must be done with restraint and discretion.  See Chambers, 501 U.S. at 44-45.  A district court should "[f]ashion an appropriate sanction for [the] conduct which abuses the judicial process."  See id.

### III.

CSK may or may not prevail on its pending motion to dismiss. Even if it does not prevail on the motion, it may prevail at a latter stage of the proceedings on the points it raises in the motion to dismiss.  Or it may not.  But what it has clearly not done at this stage of the proceedings is establish that Bannister's complaint is frivolous or that it was filed in bad faith.

Rule 11 should not be used to raise issues concerning the legal sufficiency of a claim or defense that more appropriately can be raised and resolved in a motion to dismiss, a motion for judgment on the pleading, a motion for summary judgment, or a trial on the merits.  See, e.g., Wright v. Edwards, No. 6:24-cv-196-WWB-LHP, 2024 WL 4769682, at *2 (M.D. Fla. Nov. 13, 2024)(declining to

impose sanctions when the motion was premature given the merits of the case were not decided); Ayala v. Nissan N. Am., Inc., No. 6:20-cv-1625-Orl-RBD-GJK, 2021 WL 2474435, at *1-2 (M.D. Fla. Mar. 8, 2021)(declining to impose sanctions where the motion alleged the complaint was frivolous and repeated arguments made in pending motion to dismiss); United States ex rel. Bell v. Cross Garden Care Ctr., LLC, No. 8:16-cv-961-T-27AEP 2020 WL 3971832, at *2 (M.D. Fla. July 14, 2020)(declining to impose sanctions where the motion was based on an allegedly objectively frivolous complaint, a conclusion not yet reached by the district court).

CSK, however, does exactly this.  All the arguments presented in the instant motion are present in CSK's Motion to Dismiss, some of which are verbatim copies from the motion to dismiss.  (Docs. ##42, 34.)  Therefore, the Court denies imposing Rule 11 sanctions.

Further, CSK produced no convincing evidence of subjective bad faith or egregious conduct which would support sanctions under the Court's inherent power. As such, the Court denies imposing any sanctions under its inherent powers.

Accordingly, it is now

**ORDERED:**

CSK's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Doc. #42) is **DENIED.**

       **DONE AND ORDERED** at Fort Myers, Florida, this   10th   day of

February, 2026.

_____

JOHN E. STEELE

SENIOR UNITED STATES DISTRICT JUDGE

Copies:

Parties of record