**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

SHERRI BANNISTER,                         CASE NO.: 2:25-cv-00562-JES-NPM

    Plaintiff,

v.

COLE, SCOTT & KISSANE, P.A.,

    Defendant.

_____/

## MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF

Light Path Law, PA and attorney Rebecca A. Gallagher (the "Firm") hereby file their Motion to Withdraw as Counsel for the Plaintiff, Sherri Bannister, and in support thereof state as follows:

### I.  Factual Background

1. Federal employment litigation involves complex statutory frameworks and specialized procedural requirements. Despite good-faith efforts to manage the matter, the Firm has concluded that continued representation would risk compromising the level of competence and diligence required under the applicable rules of professional conduct, as well as the Local Rules of this Court.

1

2. The Firm no longer employs or maintains attorneys with the requisite experience, practice areas and resources to continue representation in multiple federal law employment matters.

3. Attorneys Shane McDonald, Esq. and Malcolm A. Purow, Esq. represented Plaintiff through their employment with Light Path Law, PA. Mr. McDonald left this employment in or about September 2025, and Mr. Purow left in or about November 2025.

4. In November-December 2025 Plaintiff was advised that Ms. Gallagher had taken over her case.

5. A Substitution of Counsel was filed with the Court on even date under Docket No. 48, whereby Plaintiff agreed to substitute Ms. Gallagher in place of Mr. McDonald and Mr. Purow, additionally with the understanding that the Firm would be filing its Motion to Withdraw.

6. The Firm's continued representation of the Plaintiff in this case, and in other federal employment matters before the Middle District, has imposed and will continue to impose an unreasonable financial burden on the Firm.

7. The Firm's current staffing limitations and existing caseload make it increasingly difficult to adequately devote the time and attention necessary for these matters while also fulfilling obligations to other clients. The Firm's

continuing representation under these circumstances risks prejudicing the interests of multiple clients.

8. The Firm's litigation of these matters now requires substantially greater time and resources than would ordinarily be necessary for counsel experienced in federal employment litigation, including extensive research into specialized statutory and procedural frameworks.

9. The substantial time required for the Firm to manage these complex federal matters has already required the diversion of resources from other client matters. Continuing representation would require the Firm to devote an unsustainable portion of its limited attorney time to these cases, creating an unreasonable financial and operational burden on the firm and impairing its ability to meet its obligations to other clients.

10. The Firm's withdrawal will allow the Plaintiff to obtain counsel with appropriate experience in federal employment litigation who can more efficiently and effectively represent the client's interests.

11. The Firm has made good-faith efforts to continue representation and comply with the Court's scheduling and procedural requirements. However, it has become clear that the Firm lacks the resources and specialized experience necessary to effectively litigate these matters going forward.

12. The Firm's withdrawal at this stage will allow the Plaintiff an opportunity to

obtain counsel with appropriate experience in federal employment litigation.

The Firm will cooperate fully in the transition and promptly transfer the client

file upon request.

## II.    <u>Legal Standard</u>

13. The grounds for permissive withdrawal under the Rules Regulating the

Florida Bar include financial burden and other good cause shown:

> (b) When Withdrawal Is Allowed. Except as stated in subdivision (c), a lawyer may withdraw from representing a client if:
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;…
> (4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (5) other good cause for withdrawal exists.
>
> Rule 4-1.16

14. The Local Rules for the Middle District of Florida provide that, to withdraw

from an action, an attorney:

> (A) must notify each affected client fourteen days before moving to withdraw unless the client consents to withdrawal, and
> (B) must file a motion to withdraw that includes:
> (i) a certification that the lawyer has provided fourteen days' notice to the client or that the client consents to withdrawal and
> (ii) if withdrawal will result in a person proceeding pro se, the person's mailing address, email address, and telephone number.
>
> Rule 2.02(c)(1)

4

15. The Southern District has note that an attorney may seek to withdraw when "'the representation will result in an unreasonable financial burden on the lawyer..' or when 'other good cause for withdrawal exists,' among other reasons," just as in the case at bar. *Aldar Tobacco Group, LLC v. American Cigarette Company, Inc.*, 2011 WL 13412664 at *1 (S.D. Fla. 2011).

16. In a civil case, "any attorney of record has the right to terminate the attorney-client relationship and to withdraw as an attorney of record upon due notice to his client and approval by the court." *Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson v. Kleinschmidt*, 498 So.2d 453, 454 (Fla. 3rd DCA 1986).

17. Florida court have observed that "[a]pproval by the court [of a motion to withdraw] should be rarely withheld and then only upon a determination that to grant said request would interfere with the efficient and proper functioning of the court." *Id*; *see also Aldar Tobacco Group, LLC v. American Cigarette Company, Inc.*, 2011 WL 13412664 at *1 (S.D. Fla. 2011).

18. While permission to grant withdrawal always remains within the court's discretion, withdrawal is proper if an attorney demonstrates that "the withdrawal will not prejudice the client or that there is good cause, affecting the relationship between the lawyer and the client, for the withdrawal." *Portnoy v. United States*, 811 Fed.Appx. 525, 531 (11th Cir. 2020), *citing to*

*In re Davis*, 258 B.R. 510 (Bankr. M.D. Fla. 2001).

19. Withdrawal of an attorney is also proper when the remaining parties will still have ample time to "to complete discovery and prepare for trial." *U.S. Commodity Futures Trading Commission v. Allied Markets, LLC*, 2015 WL 12843228 at *1 (M.D. Fla. 2015).

20. Unreasonable financial burden and other grounds for good cause can justify withdrawal by an attorney even where the client's interests are adversely affected, though that is not the case here. *See Elton v. Dougherty*, 931 So.2d 201, 203 (Fla. 5th DCA 2006).

## III.   Application of the Legal Standard to the Circumstances at Bar

21. The Firm's withdrawal as counsel for Plaintiff "will not have a materially adverse impact on the interests of the Plaintiff." *See Toe-McPherson v. Lakeview Healthcare Systems*, 2025 WL 1786353 at *2 (M.D. Fla. 2025).

22. Trial in this matter is currently scheduled for June 1, 2027, and the Plaintiff has ample time to obtain new counsel before trial. *See Duncan v. North Broward Hospital District*, 2024 WL 5680263 at *1 (S.D. Fla. 2024).

23. Trial is not set until approximately a year and three months from now, further underscoring the fact that Plaintiff's interests will not suffer a material adverse impact if the Firm is permitted to withdraw. *See EEOC v. Alto Construction Co., Inc.*, 2023 WL 11254502 at *1 (M.D. Fla. 2023).

6

24. On the contrary, the Plaintiff's interests will be better served by retaining counsel with appropriate experience in federal employment litigation who can more efficiently and effectively represent her interests.

25. The Firm no longer employs attorneys with requisite experience in federal employment law and maintains a high caseload for clients in state court matters. The Firm no longer possesses the requisite personnel, expertise or resources to competently represent clients in the complex field of federal employment law. If the Firm continues to do so, the interests of its clients will be compromised, and such representation will cause undue financial burden to the Firm. See Rule 4-1.16(b), *Aldar*, 2011 WL 13412664 at *1, *Elton,* 931 So.2d at 203.

26. As required by Rule 2.02(c)(1)(A), the Firm has provided the Plaintiff with fourteen days' notice prior to moving to withdraw.

27. The Firm's withdrawal will cause Plaintiff to be *pro se*. The Firm therefore provides Plaintiff's address, email address and phone number:

> 316 El Dorado Blvd S.
> Cape Coral, FL 33991
> bannisters@donaldisaaclaw.com
> (407) 283-4233

WHEREFORE, Light Path Law, PA and attorney Rebecca A. Gallagher respectfully request that this Honorable Court enter an Order: (a) granting the Firm's Motion to Withdraw as counsel of record for Plaintiff; (b) relieving Light Path Law,

7

PA and Rebecca A. Gallagher, Esq. of any further responsibility in this matter; (c) allowing Plaintiff sixty (60) days from the date of the Court's Order to obtain new counsel and for such counsel to file a notice of appearance; and (d) staying all proceedings, deadlines, and obligations in this matter for the same sixty (60) day period, with all current deadlines to be reset by the Court following the expiration of that period or the appearance of new counsel, whichever occurs first; and (e) granting such other and further relief as the Court deems just and proper.

## RULE 2.02 CERTIFICATION

Light Path Law, PA and attorney Rebecca A. Gallagher have provided fourteen days' notice of their intent to withdraw to Plaintiff Sherri Bannister.

Respectfully submitted,

**LIGHT PATH LAW, P.A.**
*Counsel For Plaintiff, Sherri Bannister*
2069 First Street, Suite 100
Fort Myers, Florida 33901
Phone: (239) 689-8481
Facsimile: (239) 294-3930
rgallagher@lightpathlaw.com
ssilva@lightpathlaw.com
eservice@lightpathlaw.com

By: */s/ Rebecca A. Gallagher*
      Rebecca A. Gallagher
      Florida Bar No. 784591

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been electronically filed and sent via electronic mail to the party listed on the attached Service List on March 3, 2026.

By: */s/ Rebecca A. Gallagher*
Florida Bar No. 784591

## SERVICE LIST

Barry A. Postman
Cole, Scott & Kissane, P.A.
222 Lakeview Avenue
Suite 500
West Palm Beach, FL 33401
561-383-9200
Email: barry.postman@csklegal.com

Nicole M. Wall
Cole, Scott & Kissane, P.A.
222 Lakeview Avenue
Suite 500
West Palm Beach, FL 33401
561-383-9236
Fax: 561-683-8977
Email: nicole.wall@csklegal.com

9