UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERRI BANNISTER,

      Plaintiff,

v.                       Case No:  2:25-cv-00562-JES-NPM

COLE, SCOTT & KISSANE, P.A.,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant Cole, Scott & Kissane, P.A.'s ("CSK") Motion to Dismiss for Failure to State a Claim (Doc. #34) filed on September 24, 2025. Plaintiff Sherri Bannister ("Bannister") filed a Response in Opposition (Doc. #38) on October 24, 2025. With leave of court, CSK filed a Reply to Bannister's Response (Doc. #41) on November 10, 2025. For the reasons set forth below, CSK's motion is granted in part, the Complaint is dismissed without prejudice, and Plaintiff is granted leave to file an amended complaint.

**I.**

Bannister is a 43-year-old African American woman who suffers from fibromyalgia. (Doc. #1, ¶¶ 13, 15.) She was employed by CSK from November 2023 to June 11, 2024, in some capacity. (Id. ¶¶ 14, 35.) At certain times during her employment Bannister's

fibromyalgia substantially limited her ability to work. (Id. ¶ 16.) Bannister alleges that while employed by CSK she was subjected to a hostile work environment and discrimination based on race, age, and disability. (Id. ¶ 18.) Bannister's Complaint (Doc. #1) asserts seven employment-related claims: discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I); retaliation in violation of Title VII (Count II); age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") (Count III); retaliation in violation of the ADEA (Count IV); disability harassment in violation of the Americans with Disability Act of 1990 ("ADA") (Count V); retaliation in violation of the ADA (Count VI); and retaliation in violation of the Civil Rights Act of 1866 ("Section 1981") (Count VII).

## II.

Defendant moves to dismiss all counts because: (1) Bannister failed to exhaust her administrative remedies; (2) Bannister failed to file this judicial action within ninety days of receiving the right-to-sue letter from the EEOC; and (3) Bannister's Complaint fails to state any claims. (Doc. #34, p. 2.)

**A. Failure to Exhaust Administrative Remedies and Failure to File Within Ninety Days Are Conditions Precedent Not Jurisdictional Issues**

All causes of action asserted by Bannister except the Section 1981 claim required her to comply with certain non-jurisdictional but mandatory claim-processing requirements. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (holding that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit"); McIntosh v. United States, 601 U.S. 330, 337 (2024) ("If the affected party alerts the court to the [claim processing] deadline and invokes its protection, the relevant action cannot be taken after the deadline has passed.") Such "mandatory claim-processing rules are subject to waiver and forfeiture by a litigant," as well as estoppel and equitable tolling. McIntosh, 601 U.S. at 337; Zipes, 455 U.S. at 393; Stamper v. Duval Cnty. Sch. Bd., 863 F.3d 1336, 1342 (11th Cir. 2017). While CSK refers to such requirements as being "jurisdictional," (Doc. #34, pp. 4-5), they are clearly not jurisdictional. McIntosh, 601 U.S. at 337; Fort Bend Cnty., Texas v. Davis, 587 U.S. 541, 550 (2019).

Two claim-processing deficiencies are asserted by defendant. The Court discusses the applicable legal principles, then CSK's specific arguments.

### (1)  Administrative Charge of Discrimination

Before filing a Title VII, an ADEA, or an ADA action in court, a plaintiff in a deferral state such as Florida must file an administrative charge of discrimination within 300 days of when the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1); EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1271 (11th Cir. 2002); see Gregory v. Ga. Dep't of Hum. Res., 355 F.3d 1277, 1279 (11th Cir. 2004)(applying to a Title VII action); Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1291 (11th Cir. 2002)(applying to an ADEA action); Maynard v. Pneumatic Prods. Corp., 256 F.3d 1259, 1262 (11th Cir. 2001)(applying to an ADA action).  Because Bannister "initially instituted proceedings with a State or local agency with authority to grant or seek relief," the usual 180-day deadline to file a charge with the EEOC was extended to 300 days after the allegedly unlawful employment practice occurred.  Thomas v. Fla. Power & Light Co., 764 F.2d 768, 769-70 (11th Cir. 1985).  The time to file an EEOC charge begins to run when the employee receives unequivocal notice of an adverse employment decision. Stewart v. Booker T. Wash. Ins., 232 F.3d 844, 849 (11th Cir. 2000).  The timely filing of a charge of discrimination is a condition precedent to filing a judicial

-4-

lawsuit.  <u>Jackson v. Seaboard Coast Line R.R. Co.</u>, 678 F.2d 992, 1010 (11th Cir. 1982).

Failure to file a timely charge of discrimination impacts the judicial complaint which may be filed.  "[A] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  <u>Patterson v. Ga. Pac., LLC</u>, 38 F.4th 1336, 1345 (11th Cir. 2022)(quoting <u>Gregory</u>, 355 F.3d at 1280).  In making this determination the facts alleged in the charge matter more than the legal theory.  <u>Id.</u>  While "judicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint, . . . allegations of new acts of discrimination are inappropriate."  <u>Gregory</u>, 355 F.3d at 1279-80 (quotation marks omitted).  Nonetheless, "the scope of an EEOC complaint should not be strictly interpreted."  <u>Id.</u> at 1280.

### (2)  Timely Suit After Right-to-Sue Letter

If the EEOC decides not to litigate on a plaintiff's behalf, the EEOC must send her notice, often called a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1).  Plaintiff must file her civil action in court within ninety-days of her receipt of a right-to-sue letter.  42 U.S.C. § 2000e-5(f)(1).  The time begins when the claimant receives the right-to-sue letter, which includes receipt by claimant's designated representative.  <u>Stallworth v. Wells</u>

Fargo Armored Servs. Corp., 936 F.2d 522, 524 (11th Cir. 1991); Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 92-93 (1990). Timely suit after receipt of an EEOC right-to-sue letter is not a jurisdictional prerequisite, but is a condition precedent subject to equitable modification, including waiver, estoppel, and equitable tolling. Hilliary v. FlightSafety Int'l, Inc., 778 F. App'x 835, 838 (11th Cir. 2019)(per curiam); see also Beazer v. Richmond Cnty. Constructors, LLC, -- F.4th --, No. 24-11734, 2026 WL 672653, at *4 (11th Cir. Mar. 10, 2026); Suarez v. Little Havana Activities, 721 F.2d 338 (11th Cir. 1983).

If a defendant contests whether plaintiff filed her complaint within ninety days of receiving the EEOC right-to-sue letter, plaintiff "has the burden of establishing that [s]he met the ninety day filing requirement." Green v. Union Foundry Co., 281 F.3d 1229, 1234 (11th Cir. 2002). Courts analyze compliance with the ninety-day deadline "on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case, one that would require plaintiffs to assume some minimum responsibility . . . without conditioning a claimant's right to sue . . . on fortuitous circumstances or events beyond [her] control." Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1340 (11th Cir. 1999)(citation omitted); see also Kerr v. McDonald's Corp., 427 F.3d 947, 952 (11th Cir. 2005). A claimant does not receive

adequate notice if the right-to-sue letter was sent to a law firm that did not represent claimant.  McClure v. Oasis Outsourcing II, Inc., 674 F. App'x 873, 875 (11th Cir. 2016).

### B. Bannister Sufficiently Pled Compliance with the Conditions Precedent

#### (1) Failure to Timely File Administrative Charge of Discrimination for Fibromyalgia and Termination

CSK argues Bannister failed to exhaust her administrative remedies as to the portions of Counts I, II, III, IV, and VI by failing to mention her termination or fibromyalgia in her charge of discrimination or amended charge of discrimination.  (Doc. #34, pp. 3-4.)  Therefore, it argues, those portions of the claims are barred, must be dismissed, and cannot be cured because more than 300 days have now expired. Bannister responds that these portions of her claims are reasonably related to the assertions made in the charge of discrimination and therefore can be included in her judicial complaint.  (Doc. #38, pp. 3-5.)  Procedurally, both parties are getting ahead of themselves.

The procedure to resolve a disputed condition precedent is well established in the Eleventh Circuit:

> [A] plaintiff must generally allege in his complaint that "all conditions precedent to the institution of the lawsuit have been fulfilled." Fed.R.Civ.P. 9(c). If the defendant doubts the veracity of the plaintiff's allegation, in whole or in part, then the defendant may deny "specifically and with particularity" that the preconditions have not been

> fulfilled. Id. The plaintiff then bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied. If, however, the defendant does not deny the satisfaction of the preconditions specifically and with particularity, then the plaintiff's allegations are assumed admitted, and the defendant cannot later assert that a condition precedent has not been met.

Jackson, 678 F.2d at 1010 (citations omitted); see also Myers v. Cent. Fla. Invs., Inc., 592 F.3d 1201, 1224 (11th Cir. 2010).

Here the Complaint alleges that Bannister "timely filed a Complaint" with the EEOC, "fully complied with all prerequisites," and attached a copy of her April 2023 amended charge of discrimination. (Doc. #1, ¶ 4.)  This is sufficient.

Even if the Court were to consider whether Bannister failed to exhaust her administrative remedies, such argument likely fails as to fibromyalgia.  CSK appears to argue that Bannister is prohibited from alleging a claim based on fibromyalgia in her Complaint because the word "fibromyalgia" does not appear in the Charge of Discrimination.  (Doc. #34, pp. 3-4.)  However, Bannister selected "disability/handicap" as a form of discrimination as well as generally stating she was made fun of because of "[her] disability."  (Doc. #1-1.)  This provides a sufficient basis for a judicial complaint since it clarifies the allegations in the EEOC charge and does not offer any new distinct acts of discrimination.  See Gregory, 355 F.3d at 1279-80.

Termination of employment, however, is considered a discrete and separate act of discrimination, so Bannister was required to file a charge of discrimination or to amend her charge with such allegations. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002)("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." Discrete acts are "easy to identify" and include "termination, failure to promote, denial of transfer, or refusal to hire.") The amended charge of discrimination Bannister attached to her judicial Complaint does not mention termination, but it was filed prior to Bannister's termination. Bannister may indeed be unable to expand her judicial Complaint to include allegations concerning termination. See Duble v. FedEx Ground Package Sys., Inc., 572 F. App'x 889, 892-93 (11th Cir. 2014)(citing Gregory, 355 F.3d at 1279)(holding that where an employee had an existing EEOC claim and "the opportunity to amend [it] or file a new charge," but "chose not to" do so "failed to exhaust his administrative remedies regarding his termination claims). However, the Complaint also states that "Plaintiff has fully complied with all prerequisites to jurisdiction in this court under Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act."

(Doc. #1, ¶ 6.)  While defendant may challenge this allegation in its answer, it is presumed correct for present purposes.  The motion to dismiss for failure to exhaust her administrative remedies is denied.

### (2)  Timely Filing of Judicial Complaint

Defendant also argues that Bannister failed to file her judicial Complaint within ninety days of receiving the right-to-sue letter from the EEOC.  Defendant asserts that the March 26, 2025, right-to-sue letter was emailed to Bannister's counsel on March 26, 2025, which gave Bannister until June 24, 2025, to file suit.  The Complaint was not filed until June 30, 2025, making it time barred.  (Doc. #34, pp. 3-4.)  Bannister responds that the attorney who was sent the right-to-sue letter was not her designated counsel for the EEOC proceedings, and she did not receive the letter until April 1, 2025.  This gave her until June 30, 2025, to file the lawsuit, which she did.  (Doc. #38, pp. 2-3.)  These factual disputes cannot be resolved on a motion to dismiss.

The judicial Complaint alleges that the EEOC issued a right-to-sue letter and Bannister filed her judicial complaint "within ninety (90) days of receipt of such notice."  (Doc. #1, ¶ 5.)  The Complaint also states "Plaintiff has fully complied with all prerequisites to jurisdiction in this court under Title VII, the

-10-

Americans with Disabilities Act, and the Age Discrimination in Employment Act." (Id. ¶ 6.)  As discussed earlier, such statements are sufficient to satisfy the pleading requirement for a condition precedent.  See Myers, 592 F.3d at 1224; Fed. R. Civ. P. 9(c)("In pleading conditions precedent, it suffices to generally allege that all conditions precedent have occurred or been performed.").  While CSK asserts that Bannister received the right-to-sue letter on March 26, 2025, the Complaint does not support such a position and the Court must accept the factual allegations in the Complaint as true at this stage of the proceedings.  Therefore, the Complaint sufficiently plead compliance with the ninety-day filing period required under 42 U.S.C. § 200e-5(f)(1), and the motion to dismiss for failure to timely file a judicial complaint is denied.

**C. Bannister's Complaint Must Be Dismissed as a Shotgun Pleading**

Defendants seek to dismiss all counts pursuant to Rule 12(b)(6) for failure to any cause of action.  Defendant initially relies upon an outdated and incorrect legal standard (Doc. #34, pp. 2-3), but eventually relies upon the correct line of cases. (Id. at pp. 11-12.)  In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions

without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(citations omitted).

In general, CSK argues that Bannister failed to provide sufficient factual support for her bare-bones allegations and therefore has not stated plausible claims. Bannister responds that she alleges enough facts to survive a Rule 12 motion to dismiss since "verbatim statements, dates, and frequency . . . are for discovery." (Doc. #38, p. 9.)

The Complaint's factual allegations are indeed humble, and each count incorporates a chronology Bannister submitted to the Florida Commission on Human Relations (Doc. #1-1) for most of the factual content. No attempt is made to identify which chronological facts support which count, essentially rendering the Complaint a shotgun pleading. For example, Bannister failed to sufficiently allege her hostile work environment claim. The facts as they are alleged do not plausibly show that Bannister was

subject to either severe or pervasive harassment, or that she was in an abusive working environment that altered the conditions of her employment.    Additionally, Bannister has failed to sufficiently allege causation and an adverse employment action for her Section 1981 claim.  Because Bannister may be able to remedy these factual pleading shortcomings, dismissal will be without prejudice.

Accordingly, it is now

**ORDERED:**

(1)    CSK's Motion to Dismiss for Failure to State a Claim (Doc. #34) is **GRANTED in part and DENIED in part** as set forth above.  The Complaint (Doc. #1) is **DISMISSED without prejudice.**

(2)    Plaintiff may file an amended complaint within **SIXTY (60) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of March 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

-13-